**MUTUAL LIFE INS. CO. OF NEW YORK
v. BENTON et al.**
No. 387.

District Court, W. D. Missouri, W. D.
Feb. 8, 1940.

William C. Michaels, Charles M. Blackmar, Samuel D. Nèwkirk, Henry I. Eager, and Roy P. Swanson (of Michaels, Blackmar, Newkirk, Eager & Swanson), all of Kansas City, Mo., for plaintiff.

I. N. Watson, Henry N. Ess, Powell C. Groner, Paul V. Barnett, and Charles E. Whittaker (of Watson, Ess, Groner, Barnett & Whittaker), and W. H. H. Piatt, William B. Dickinson, and M. B. Dickinson (of Dickinson & Dickinson), all of Kansas City, Mo., for defendants.

REEVES, District Judge.

The questions arising in this case are: (a) Whether the defendant Marie Inez Meyer was properly brought into the case by the plaintiff, and (b), if so, whether other defendants have a right to maintain actions against her.

The suit is for a declaratory judgment brought by the plaintiff on account of annuity contracts heretofore issued to the defendant Harriett T. Russell. After said contracts had been paid for and issued a proceeding was instituted in a state court to have the annuitant declared non compos mentis. It was so held in the initial proceeding and a guardian was appointed for the person and a curator for the estate of the said Harriett T. Russell.

Such determination and appointment were superseded by an appeal from the court so finding to another court, where

the case is to be tried de novo. Pending the appeal, demand was made by the curator upon plaintiff for a refund of the two single premiums paid for the annuities. Thereupon, the plaintiff sought the benefits, (if they be such), of Section 400, title 28 U.S.C.A. relating to the special subject of Declaratory Judgments.

This section contains, among other things, the following pertinent provisions: "In cases of actual controversy * * * the courts of the United States shall have power upon * * * complaint * * * to declare rights and other legal relations of any interested party."

The plaintiff, alleging that demands having been made upon it for a return of two single premiums received from the annuitant, it is entitled to an adjudication as to whether the annuitant was competent at the time of her application and payment for its contracts.

It avers, moreover, that the defendant, Marie Inez Meyer, claims to be an adopted daughter of the annuitant, and, by reason thereof, her sole heir. Furthermore, it is asserted by it that the said Marie Inez Meyer contends that the annuitant was of insane mind when the annuity contracts were issued and is now in doubtful and precarious health and that she is a very aged woman.

The annuity contracts were for a time certain and it was provided, among other things, that in the event of the death of the annuitant within said time the benefits thereafter should accrue in favor of the defendant Dollie Kensler.

It was further alleged in the complaint that the said Marie Inez Meyer challenged the legal right of the said Dollie Kensler to be named beneficiary in survivorship.

■ Since the motion to dismiss in effect admits the truth of the above averments, the question is presented as to whether, by such averments, she is a proper party.

■ 1. The very contention confessedly made by said defendant is predicated upon the theory that she has an interest in the annuity contracts or in the proceeds of the premiums that may have to be returned to the curator of the annuitant or to her estate. In instituting or instigating the litigation she asserts a right predicated upon a legal relationship. She should be estopped in her motion to dismiss to assert that such a relationship was not of such

nature as to warrant the plaintiff in asking for an adjudication.

The plaintiff seeks a judgment, or a decree, wherein the status as it is insisted upon by the defendant will be upheld or denied. It would appear that plaintiff would be entitled to such a decree or judgment to meet the conditions which the said defendant, Marie Inez Meyer, claims to exist. If she may be able to establish that she is the adopted daughter of an insane, aged, infirm and sick annuitant, and because of such relationship she is pursuing a course that is a constant legal threat against the plaintiff, it would certainly have a right to have such relationship defined and either established or denied.

■ 2. The defendant, Dollie Kensler, asserts her rights in the annuity contracts predicated upon her own alleged contractual relationship to the annuitant. These are valuable rights she says and are based upon valuable considerations.

Not only does she dispute the contentions made by the said Marie Inez Meyer, but she assails in her pleading the said defendant Marie Inez Meyer as an interloper and charges that she is fraudulently fomenting litigation and strife, with the intention wrongfully and unlawfully to interfere with her contract with the annuitant. Even if the plaintiff had not made the said Marie Inez Meyer a party, it appears that the said defendant, Dollie Kensler, would have been entitled to ask that she be made a party in order that the rights and legal relationships of all parties might be once and for all settled.

■ 3. The annuitant has in like manner challenged the claims as well as the conduct of the said Marie Inez Meyer, and she, too, would be entitled to settle the question of the claimed relationship. She does not admit at this stage of the proceeding that she is non compos mentis, nor does the law at this time consider her such notwithstanding a contrary determination in an initial proceeding in a state court.

■ By Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a declaratory judgment proceeding "shall be in accordance with these rules," etc. It apparently was the purpose, even in a declaratory judgment proceeding, to enable all parties interested in a controversy to be brought into the case with the object of settling it in all its varied ramifications.

It is unnecessary to prolong this discussion. The motion of the defendant Marie Inez Meyer to dismiss as to her will be overruled, and it is so ordered.