**WESTERN FIRE INS. CO. OF FORT SCOTT, KAN., v. WORD et al.**

No. 10328.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1942.

Rehearing Denied Jan. 21, 1943.

542

Woodville J. Rogers, of San Antonio, Tex., for appellant.

J. L. Shook, of Dallas, Tex., and Ralph W. Yarborough and Everett L. Looney, both of Austin, Tex., for appellees.

Before SIBLEY and McCORD, Circuit Judges, and DAWKINS, District Judge.

McCORD, Circuit Judge.

Western Fire Insurance Company of Fort Scott, Kansas, brought suit for declaratory judgment against W. A. Word, and others, Trustees for the First Baptist Church of Kyle, Texas; and sought a declaration of non-liability on certain policies of fire insurance issued by it and covering the church properties. The Trustees answered with denials, and filed a cross action to recover the full policy coverages of $6,000.00 for destruction of the church building by fire, and $500.00 for fire loss of the furniture and fixtures of the church, and $97.00 for damages to the church parsonage. The case was tried to a jury, and after rendition of a general verdict, judgment was entered for the Trustees for the full amount of the claims plus interest. Western has appealed.

H. W. Wetzel was agent for two insurance companies: Western Fire Insurance Company of Fort Scott, Kansas, and Republic Insurance Company of Dallas, Texas. His home and place of business was at Kyle, Texas, a small town of about eight hundred people. On August 2, 1940, Wetzel, who was an officer of the First Baptist Church of Kyle, approached the church treasurer, J. J. Hart, who had authority to place the insurance of the church, and asked for permission to cancel outstanding fire insurance on the church carried by Republic Insurance Company and to issue in lieu thereof three new policies of fire insurance covering the church properties, $6,000.00 on the church, $500.00 on the furniture and fixtures, and $900.00 on the parsonage; the policies to be issued by Western Fire Insurance Company. The permission was granted by the church treasurer. On August 3, 1940, Wetzel can-

celed the insurance carried by Republic, and wrote binders for insurance on the properties with Western. The Western binder notices were placed in the community mail box on August 3, 1940, but the letter when received by Western bore a railway mail postmark dated August 4, 1940. Both Hart and Wetzel testified as to the facts of the transaction on August 2nd, and definitely fixed the date.

■ The evidence shows that the church had been making improvements on its properties; that through Wetzel, as agent, insurance for $4,500.00 on the church properties had been placed with Republic; that the church officers had proposed to increase the insurance coverage when insurance rates were lowered; that the rates were lowered; and that the increased insurance coverage was placed with Western by Wetzel because his brother-in-law was agent for that company. The church was destroyed by fire Sunday night, August 4, 1940. Western's contention that its agent, Wetzel, did not issue the binder, and that coverage was not effected until after the fire had started, is unsupported by the evidence and finally put to rest by the verdict of the jury which found the insurance with Western to be in full force and effect at the time of the fire.

In its original complaint Western made Republic Insurance Company and Mutual Deposit and Loan Companies parties defendant along with the trustees of the church. On motion Republic and Mutual were dismissed from the suit without prejudice. Thereafter, Western again sought to make Republic a party defendant, but the motion was overruled by the court. By its motion Western sought to show that Republic was a real party in interest, and asserted that since the fire Republic had entered into contract with the church whereby it agreed to pay the church $4,597.00, the amount of its coverage alleged to have been canceled, plus interest, in the event the church lost its suit against Western; and whereby Republic had agreed to loan the church such amount, repayable only out of any judgment obtained against Western. The overruling of the motion to bring in Republic as a party defendant is assigned as error.

■ The indemnity contract between the church and Republic was not sufficient to require the bringing in of that company as a party under Rule .17 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Cf. First National Bank of Ottawa v. Lloyd's of London, 7 Cir., 116 F.2d 221, 132 A.L.R. 599. The actual controversy involved in the action was one between Western and the church as to whether the Western insurance was in force and effect at the time of the fire. In the action the church was claiming nothing against Republic, and to have brought that company into the suit on the side of the church as a party defendant would only have resulted in embarrassment and probable prejudice to the defendant church, which was the real party in interest. Denial of the motion to make Republic a party defendant was not error. See Rules 17, 20, 21, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c.

■ The jury returned a general verdict in favor of the trustees, and appellant earnestly insists that since the verdict was general, and did not state the definite amount to be recovered, it was insufficient to support the judgment entered by the court. They rely upon the cases of United States F. & G. Co. v. Commercial National Bank, 5 Cir., 55 F.2d 564, where the jury did not return a verdict, general or special, but only answered certain preliminary questions propounded by the court; and Hodges v. Easton, 106 U.S. 408, 1 S.Ct. 307, 310, 27 L.Ed. 169, where general verdict was not returned, and the jury made findings only on "a part of the facts", and the right to have other issues passed upon was not waived. The case at bar is different. Here the court fully and fairly charged the jury on every material issue in the case, and gave specific instructions as to the form of verdict to be returned if the jury found for Western, and the form to be returned if it found for the trustees. When the court concluded instructions to the jury, counsel who is now complaining of the form and of the insufficiency of the verdict, expressed satisfaction with the instructions, and when asked if he had any objections to make stated without reservation, "None for us, Your Honor." The verdict of the jury complied literally with the form contained in the court's charge, and, accordingly, judgment for the amount of the insurance coverage and loss, plus interest, was entered on that verdict. It is a rule of law so old that the memory of man runneth not to the contrary that one may not sit by without objection to rulings

or instructions, and then after verdict and judgment, and when it is too late for the court to change its rulings or charge, come forward with objections on appeal and seek to put the court in error. Standard Oil Co. v. Burleson, 5 Cir., 117 F.2d 412, 414; Taylor v. United States, 5 Cir., 71 F.2d 76; Pennsylvania R. Co. v. Minds, 250 U. S. 368, 374, 39 S.Ct. 531, 63 L.Ed. 1039. By acceptance of the instructions of the trial court, appellant waived any right it may have had to have a more specific verdict. The general verdict decided all issues against Western, and the judgment entered was proper.

We find no reversible error in the rulings of the court on the admission and exclusion of evidence.

The judgment is affirmed.