## KERNA et al. v. TRUCKING, Inc. (FINLEY, Third-Party Defendant).
### Civ. No. 2665.

District Court, W. D. Pennsylvania.
Feb. 10, 1944.

See, also, 3 F.R.D. 195.

John E. Evans and Evans, Evans & Spinelli, all of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey and Sanford M. Chilcote, all of Pittsburgh, Pa., for defendant.

H. E. McCamey and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for Third Party Defendant.

SCHOONMAKER, District Judge.

This is an action by plaintiffs to recover damages alleged to have been caused by negligence on the part of defendant Trucking, Inc., resulting in the loss by plaintiff Peter Kerna of his Dodge Tractor and Edward Trailer Van, and the loss by A & B Fast Freight, Inc., of the cargo of said van containing five hundred and twenty-five cases of Carstairs White Seal whiskey. Lee Finley, the driver of Peter Kerna's tractor, was brought on the record as a third-party defendant.

Defendant Trucking, Inc., filed an answer denying negligence on its part, and alleging contributory negligence on the part of plaintiffs.

Defendant Trucking, Inc., further avers in paragraphs 7 and 8 of its answer as follows:

"7. For further defense defendant is reliably informed, believes and therefore avers that the plaintiffs in this cause of action are not the real parties in interest, their alleged claim being fully covered by insurance, by reason whereof plaintiffs under the rules of this court are not entitled to prosecute this action.

"8. For further defense defendant avers that plaintiffs in no event have sustained any loss on account of the cause of action complained of, their said claim being fully covered by insurance."

Plaintiffs have moved to strike these two paragraphs from the answer; and on the argument of this motion the parties filed a stipulation of facts on which plaintiffs base their motion to strike.

Briefly stated, this stipulation discloses that plaintiff Kerna was the owner of a Dodge Tractor and an Edwards Trailer van, which was being operated in behalf of plaintiff A & B Fast Freight, Inc., in the transportation of freight consisting of five hundred and twenty-five cases of whiskey; that this tractor and trailer was forced off a highway by a truck operated by Trucking, Inc.; that as a result thereof plaintiffs' tractor and trailer was destroyed by fire; that the cargo of whiskey being transported therein by the A & B Fast Freight, Inc., was likewise destroyed; that at the time of the happening of this event, Peter Kerna carried insurance against loss by fire or other casualties upon his tractor, but no insurance on his trailer van; that the A & B Freight, Inc., carried insurance covering loss or damage to the whiskey cargo; that the policies of insurance carried by plaintiffs each contain in substance the following provision:

"In the event of any payment under this policy the Company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights."

That following the accident, which is the basis of this suit, the Royal Exchange Assurance Company paid Peter Kerna the

sum of $952 under a loan-receipt contract, a copy of which is as follows:

"Loan Receipt
"$952.00 Jan. 8, 1943
"Received from Royal Exchange Assurance Insurance Company the sum of Nine Hundred Fifty-two & no/100......$952.-00......Dollars as a loan, without interest, payable only in the event and to the extent that any net recovery is made by me from any person or persons, corporation or corporations, or other parties, on account of loss by fire, or other casualty occasioned to 1941 Dodge Tractor, Motor T120-7997 on or about the 24 day of October 1942

"As security for such repayment, we hereby pledge to said Royal Exchange Assurance Ins. Co. whatever recovery I may make, and deliver to it herewith all documents necessary to show our interest in said property and we hereby agree to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person or persons, corporation or corporations, through whose negligence the aforesaid loss was caused, or who may otherwise be responsible therefor, with all due diligence, in our own name, but at the expense of and under the exclusive direction and control of the Royal Exchange Assurance Insurance Company.
 "(Signed) Peter Kerna
"In presence of
 "John P. Evans, Jr.
 "Car & General Insurance Corp.
 "Jan. 16, 1943
 "Mail Department"
And also the Boston Insurance Company, after the accident which is the basis of this suit, paid A & B Fast Freight, Inc., $10,417.75 under a loan-receipt contract, a copy of which is as follows:

"Loan Receipt
"Received of the Boston Insurance Company the sum of Ten Thousand four hundred seventeen and 75/100 dollars $10,417.-75 as a loan and repayable only to the extent of any net recovery the undersigned
 A & B Fast Freight, Inc.
may make from ———— or from any carrier, bailee or others, on account of loss to cargo property consisting of 525 cases of whiskey due to upset and fire occurring on the 24th day of October 1942, and as security for such repayment I/we hereby pledge to the said insurance company the said recovery, and hereby agree to promptly present claim against the said ———— or any carrier, bailee, or any other person,

firm or corporation, and if necessary to effect settlement, agree to institute and prosecute suit against said party or parties with all due diligence, it being understood, however, that such action as may be taken is to be under the exclusive direction and control of the said insurance company, and the same is to be without pecuniary expense to me or us.

"In consideration of said loan to I/we as aforesaid, I/we hereby represent and warrant unto the said insurance company that I/we have not directly or indirectly released or discharged the said ———— or any carrier, bailee or other person, firm or corporation from any liability of cause of action on account of having caused said upset & fire or by reason thereof or of the loss caused thereby, nor will I/we release or discharge the alleged tort-feasor without the consent of the company.

"In Witness whereof ———— have hereunto set ———— hand— and seal— this the ———— day of ———— 19— at ————
 "(Signed) A & B Fast Freight, Inc.
 "S. E. Lenard, Pres.
"In presence of
 "B. M. Toan
 "Doria B. Eldridge"

That defendant Trucking, Inc., at the time of the matters complained of in this suit, also carried liability insurance with the Auto Owners Insurance Company.

That plaintiffs' action is being conducted and directed by counsel for the respective plaintiff's, and also for the insurance companies above named. The defense is being conducted and handled by counsel for defendant Trucking, Inc., and also for its insurance company.

The question at issue is whether or not the plaintiffs in this case are the real parties in interest, and have a claim which they can prosecute.

 This suit originated in the Court of Common Pleas of Allegheny County, Pennsylvania, and was removed to this court on petition of defendant Trucking, Inc., by reason of diversity of citizenship. The plaintiffs' right to sue must be determined by Pennsylvania law. Rule 2002(d) of the Pennsylvania Rules of Civil Procedure, as amended October 29, 1941, 12 P.S.Appendix, provides for the prosecution of actions by real parties in interest, but that the rule "shall not be mandatory where a subrogee is a real party in interest." Therefore, under the Pennsylvania rule, it

would not have been necessary to bring this suit in the name of the insurers, even if they be regarded as subrogees.

The Pennsylvania courts held, even before the amendment of Rule 2002 by adding the proviso in subsection (d), that an insurance company which insured an automobile owner and took a loan receipt similar in form to the ones under consideration in the instant case, was not the "real party in interest" who must be joined as a party-plaintiff. See Kooser v. West Penn Railways Co., 42 Pa. Dist. & Co. 701, 1941; Hopkins v. Bailey, 44 Pa. Dist. & Co. 26, 1941.

If we were to apply the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to this case, we would arrive at the same result. Rule 17(a) provides: "Every action shall be prosecuted in the name of the real party in interest;" but the Circuit Court of Appeals of this Circuit held in Re The Plow City, 122 F.2d 816, 818, that an insurance company which loaned the assured the amount of his loss to be repaid out of any recoveries by the assured from the party responsible for the loss, was not a "real party in interest" who must bring suit. In that case Circuit Judge Biggs said (122 F.2d page 818):

"The appellees urge that the libel should have been dismissed because it was not brought by the real party in interest, contending that the appellant has received payment for its losses from the underwriters, Fidelity Phoenix Fire Insurance Company. This is not the fact. The libellant's underwriter did not pay its losses within the terms of the policy, but gave the appellant the sum of $7,420.63 as a loan which was repayable in the event and to the extent that the appellant recovered against any third party for the damage to the goods in transit. The receipt is similar to that which the Supreme Court passed upon in the case of Luckenbach v. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522. See, also, Automobile Insurance Co. v. Springfield Dyeing Co., 3 Cir., 109 F.2d 533, 537."

See also, First National Bank of Ottawa v. Lloyd's of London, 7 Cir., 116 F.2d 221, 225, 132 A.L.R. 599; Western Fire Insurance Co. v. Word, 5 Cir., 131 F.2d 541, 543.

We, therefore, conclude that the insurance companies are not parties who must be joined as parties plaintiff in this action; that paragraphs 7 and 8 of defendant Trucking, Incorporated's, answer are immaterial to any issue in this case, and must therefore be stricken.

An order may be submitted accordingly on notice to opposing counsel.