MARYLAND CASUALTY COMPANY

v.

Fred GREEN, Administrator of the Estate of Nina Voroponov, Deceased, Indemnity Insurance Company of North America, Friends Neighborhood Guild, Inc., William E. Bottoms, Robert Bottoms, Mamie Bunch, Allen K. Cooper.

Civ. A. 23945.

United States District Court
E. D. Pennsylvania, at Philadelphia.

Sept. 3, 1958.

William J. McKinley, Jr., Philadelphia, Pa. (Swartz, Campbell & Henry), Philadelphia, Pa., for plaintiff.

Joseph J. Murphy (Beechwood, Lovitt & Murphy), Philadelphia, Pa., for defendant Indemnity Ins. Co. of North America.

Gordon W. Gerber, Philadelphia, Pa., for defendant Fred Green.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant Friends Neighborhood Guild, Inc.

LEAHY, District Judge.

Nina Voroponov, after the completion of her day's work at the Friends Neighborhood Guild, was riding home with Allen K. Cooper, another employee of the Guild, in the Guild's station wagon. He ran into another car operated by William E. Bottoms at the intersection of Franklin and Vine Streets in Philadelphia. Nina Voroponov died as a result of the injuries she received in the accident. Fred Green was appointed administrator of her estate. He sued Bottoms, Cooper and the Guild in this court, Green v. Bottoms, 167 F.Supp. 230) for the fatal injuries. Alexandra and Vasily Grigoriev alleged dependents of the deceased filed a Fatal Claim Petition with the Pennsylvania Workmen's Compensation Board on the ground their daughter was killed while in the course of her employment. William E. Bottoms, Robert Bottoms and Mamie Bunch have sued the Guild in the Philadelphia Court of Common Pleas No. 7. None of the actions have been adjudicated.

Maryland Casualty Company, the automobile insurance carrier for the Guild, seeks declaratory judgment, here, against Green, the Administrator, Indemnity Insurance Company of North America, the compensation carrier for the Guild, both Bottoms, Bunch and Cooper. And, in this action Green, as Administrator, takes the position as Maryland (Guild's liability insurance carrier) seeks to find out whether it or Indemnity (the Guild's workmen's compensation carrier) should pay the amount of the Guild's liability to the estate of Nina Voroponov, deceased; and Green as Administrator seeks summary judgment, where the two insurance companies each seeking to deny liability to him on the grounds that the other is responsible, that, as a matter of law, Nina Voroponov was not acting in the course of her employment at the time of the accident in which she was fatally injured within the intent of the Pennsylvania Workmen's Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1 et seq.

1. Declaratory judgment is sought by Maryland Casualty because there is one suit in this court for damages as the result of the death of Nina Voroponov and another action in the state court under the Fatal Claim Petition. There are inconsistent pleadings in two separate forums. The question is whether this forms a basis for declaratory judgment relief as sought. The Act confers jurisdiction on a Court at its discretion. No litigant has an absolute right to relief under any circumstances. Cha-Toine Hotel Apartments Building Corp. v. Shogren, 7 Cir., 204 F.2d 256. Relief is not granted merely to determine issues involved in pending cases. 28 U.S.C.A. §§ 2201, 2202; Maryland Casualty Company v. Consumers Finance Service of Pennsylvania, 3 Cir., 101 F.2d 514 (Judge Maris). In C.A. 21091 Maryland Casualty has already appeared and filed an answer on behalf of the Guild and has set up the defense the decedent was killed while in the course of her employment and is restricted to the rights given under the Workmen's Compensation Act of Pennsylvania. Thus, this issue sought to be adjudicated here is already an issue joined in the death action. Although discovery has been had in C.A. 21091, no attempt has been made to ascertain the true status of the decedent as to the course of her employment when she was fatally injured. The declaratory judgment sought here is merely to determine a critical issue which is involved in an already pending case where it can properly be disposed of. Yellow Cab Company v. City of Chicago, 7 Cir., 186 F.2d 946. As to the Fatal Claim Petition pending in the state court, this court should not anticipate the action under the Workmen's Compensation Act in a similar action, thus, in effect, racing the state court to a decision. Bekins v. Bekins Van & Storage Company, 5

228

Cir., 210 F.2d 338, certiorari denied 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137.

There is pending in C.A. 21091 the hot issue of the course of the decedent's employment at the time of the accident. It seems inappropriate to have that issue decided by a declaratory judgment when more appropriate means are available in the other pending litigation for reaching a proper decision on the point.

2. There is also for determination Green's, as Administrator, motion for summary judgment that the decedent was not acting in the course of her employment at the time of the accident which caused her death. He contends there is no genuine issue of fact by reasons of failure to answer certain Requests for Admissions; and, as a matter of law, the decedent was not acting in the course of her employment at the time of the accident.

From what the paper record discloses a critical fact concerns the status of Nina Voroponov and whether she was within the scope of her employment when she met her death. As stated, this is a hot issue. The Requests for Admissions do not supply the answer. Where controversial issues are present summary judgment is not appropriate. Moore, Fed.Prac. pars. 56.02(13), 56.-17(19). The Guild has always contended the decedent was within the course of her employment at the time of the accident. Facts which are in real dispute are not proper subjects for a request for admissions. Demmert v. Demmert, D.C., 115 F.Supp. 430. It is recognized summary judgment may be given in a declaratory judgment action but only when plaintiff is entitled to it as a matter of law and there is no disputed issue of a material fact. This is not such a case. The question of course of employment, as a matter of legal defense, will be decided in Green's action in C.A. 21091.

Orders may be submitted granting the motion to dismiss and denying the motion for summary judgment.