GREAT AMERICAN INSURANCE COM-
PANY, Appellant,

v.

HARLEYSVILLE MUTUAL CASUALTY
COMPANY, Cleveland Ovell Early, Jr.,
Dessie Jenkins Vaughan, William Ed-
ward Vaughan, Yvonne Vaughan, Er-
nest Vaughan, Teressa Mae Parker and
Ike Parker, Appellees.

No. 8175.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1960.

Decided Jan. 4, 1961.

Francis E. Winslow, Rocky Mount, N.
C. (Herman S. Merrell, and Battle, Wins-
low, Merrell, Scott & Wiley, Rocky
Mount, N. C., on brief), for appellant.

David R. Cockman and Franklin T.
Dupree, Jr., Raleigh, N. C. (Dupree,
Weaver, Horton & Cockman, Raleigh,
N. C., on brief), for appellee Harleysville
Mutual Casualty Co.

J. Felton Turner, Jr., Jackson, N. C.
(J. William Copeland, Murfreesboro, N.
C., Buxton Midyette, and Gay, Midyette
& Turner, Jackson, N. C., on brief), for
appellees Dessie Jenkins Vaughan, Wil-
liam Edward Vaughan, Yvonne Vaughan,
Ernest Vaughan, Teressa Mae Parker,
and Ike Parker.

Before SOPER, HAYNSWORTH and
BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

This suit for declaratory judgment was
brought by the Great American Insur-
ance Company to secure an adjudication
that it has no liability under an auto-
mobile liability policy for damages caused
by collision on a North Carolina highway
in which the automobile described in the
policy was involved. The policy had been
issued to Robert Louis Grant, the owner
of the car. The insurance provided there-
in was limited to $10,000 for bodily in-
jury to each person and $20,000 for each
occurrence and $5,000 for property dam-
age. It contained an omnibus clause

which insured any person operating the car with the permission of the named insured. The car was being driven at the time of the accident by Cleveland Ovell Early, Jr. and it was alleged in the complaint that he had stolen the car and did not have the owner's permission to drive it at the time of the collision. This allegation gives rise to the principal if not the only issue of fact in the case.

Early himself held an automobile liability policy issued by the Harleysville Mutual Casualty Company under which the liability was limited to $5,000–$10,000 for bodily injury and $5,000 for property damage. It insured him while operating any automobile other than that described in the policy but it provided that this insurance should be excess insurance if other valid and collectible insurance should be available to the insured.

The other car in the collision belonged to Ernest Vaughan and was occupied by four persons at that time. They suffered personal injuries and the car was also damaged. The injured persons brought suits against Early in divers courts of North Carolina and recovered judgments, which in the aggregate fall within the limits of the Great American policy but exceed the limits of the Harleysville policy. No suit has been entered by Vaughan for property damages but it is alleged in the complaint that he claims reimbursement from Early for the damages in a sum substantially less than $5,000, the property damage limit in each of the insurance policies. The judgments have not been paid but the judgment creditors and Vaughan are party-defendants to the instant suit. Harleysville is also a party-defendant in the case. It defended the suits against Early in the state courts under the provisions of its policy, which obligated it to defend any suit against the insured for damages caused in the use of the car even if the claim should be groundless. The complaint alleges that Great American is exposed to liability to Harleysville for the amount of the judgments up to the limits of its policy plus the property dam-

ages due Vaughan and the expense of defending the four suits.

At the trial below Harleysville moved the court to dismiss the complaint as to it and the motion was granted. Harleysville's position is that there is no controversy between it and Great American and hence it is not a real party in interest in the case. It says that the liability of each of the insurance companies depends on whether Early had permission to drive Grant's car. If he had permission the Great American policy completely covers the case, since the damages fall within the limits of its policy and Harleysville is relieved of all liability since its policy only covers loss in excess of other insurance. On the other hand, if Early did not have permission to use the car Great American has no liability to the injured persons and Harleysville must pay the loss up to the limits of its policy. In neither event would either insurance company have any claim against the other. The District Judge agreed with this view and dismissed the complaint as to Harleysville so that the only question before us is the propriety of retaining Harleysville as codefendant in the case.

■ It is first urged that the appeal should be dismissed as premature. The case, however, obviously falls within Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which relates to judgments upon multiple claims and provides that when more than one claim is presented the court may direct the entry of final judgment upon one or more but less than all, upon an express direction that there is no just reason for delay and upon an express direction for the entry of the judgment. Such directions were given by the judge in this case and they were entirely appropriate.

■ We are, however, of the opinion that Harleysville has such a direct interest in the controversy as to make it a proper party to the case. Its liability depends upon the finding which must be made as to Early's permission to drive Grant's car. The determination of this question will decide which one of the

two insurance policies covers the accident, and hence it is clearly proper for Harleysville to take part in the trial of this issue. It appears that it is reluctant to do so because it feels that the jury may be influenced in its decision by the knowledge that even if it finds that Early used the car without the owner's consent the injured parties will not be deprived of all insurance. However this may be, it is still true that Harleysville is a proper party to the case and doubtless would have been permitted to intervene if it had not been sued originally.

Moreover, it is apparent that Harleysville may have a potential claim against Great American for the expenses incurred in defending the suits if Great American's policy is held to cover the damages. It is true that Harleysville has not paid the judgments and will not do so if Great American is held liable, but Harleysville has already incurred the defense of the litigation in the state courts and may well claim, if it is exonerated, that it should be repaid since Great American's policy also included the obligation to defend its insured.

In our opinion the case falls within Rule 20(a) of the Federal Rules of Civil Procedure entitled Permissive Joinder of Parties, which provides that all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right of relief arising out of the same transaction and if any question of law or fact common to all of them will arise in the action. Obviously Early's permission to drive the car is a question of fact common to all of the parties to the case, including Harleysville, and its position on this point is necessarily hostile to that of Great American. Clearly it was proper that Harleysville be joined as a party-defendant in order that the whole controversy should be settled in one action. See Manufacturers Casualty Ins. Co. v. Coker, 4 Cir., 219 F.2d 631; cf. Western Fire Ins. Co. v. Word, 5 Cir., 131 F.2d 541.

The judgment of the District Court will be reversed.

Reversed.