Claude McNAIR

v.

George H. WOLF, III
and
James Taybron.
Civ. A. No. 27152.

United States District Court
E. D. Pennsylvania.
May 12, 1961.

James K. Baker, Philadelphia, Pa., for plaintiff.

Michael van Beuren, Rawle & Henderson, Philadelphia, Pa., for defendants.

LORD, District Judge.

On November 29, 1958, plaintiff suffered personal injuries resulting from the collision of the automobiles driven by the defendants. Plaintiff was a passenger in defendant Taybron's automobile. Suit was instituted in this Court on October 15, 1959 on the basis of diversity of citizenship. Plaintiff alleged that he was a citizen of New Jersey and that the defendants were citizens of Pennsylvania.

As set forth in affidavits and by facts adduced by discovery process, defendant Wolf contends that the plaintiff was a citizen of Pennsylvania at the time of the institution of this suit. Accordingly, defendant Wolf's motion to dismiss the plaintiff's complaint for lack of jurisdiction was filed on December 21, 1960.

Defendant Wolf has presented numerous authorities which bear upon the merits of the controversy, viz.: (1) the issue of jurisdiction based upon diversity may be decided by the Courts without reference to the jury, Seideman v. Hamilton, D.C.E.D.Pa.1959, 173 F.Supp. 641, affirmed 3 Cir., 1960, 275 F.2d 224; (2) jurisdiction in diversity cases is to be strictly construed, Seideman v. Hamilton, supra; (3) diversity jurisdiction is controlled by the status of the parties at the time suit is commenced. In addition, Wolf has presented this Court with affidavits of various disinterested persons and discovery depositions for the purpose of establishing the citizenship of the plaintiff in Pennsylvania at the time of the institution of this action. Similarly, the plaintiff has offered affidavits of various disinterested persons which tend to establish the fact that the plaintiff was a resident of New Jersey. Thus it is manifestly obvious that the citizenship of the plaintiff at the time of suit is strongly contested as a matter of fact.

This issue is controlled in this Circuit by the leading case of Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580. In Hart, the District Court dismissed the amended complaint, reasoning that, D.C.Del.1947, 73 F.Supp. 146, 149:

"* * * the present complaint, as amplified by the interrogatories, answers thereto and affidavits filed in the cause, does not indicate any justiciable controversy * * *".

On appeal, the Court of Appeals reversed, holding (169 F.2d at page 581):

"  *  *  * It is well-settled that on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of *ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue*  *  *  *."

Since there is a factual dispute, as evidenced by the supporting affidavits of both parties, this Court cannot grant defendant Wolf's Motion to Dismiss. If this Court were to grant defendant's Motion according to the present posture of the case, its decision would be in direct conflict with the theory and authority of the Hart case. The instant case is easily distinguishable from Bryfogle v. Acme Market, Inc., D.C.E.D.Pa.1959, 176 F. Supp. 43. In Bryfogle, the Court of Appeals affirmed the District Court's dismissal of a complaint for lack of jurisdiction. This issue was decided solely on the basis of the defendants' affidavits. However, there was no contradiction of the facts set forth in the affidavits.

Notwithstanding the recent criticism of the Hart case, its rationale appears valid as applied to the instant case. It would be manifestly unfair to attempt to reach a factual determination on the sole basis of conflicting affidavits. This approach deprives the factfinder of an opportunity to confront and evaluate the credibility and bearing of the affiants. No opportunity is afforded to interrogate the affiants as to their means of knowledge, viz. whether based on personal knowledge or hearsay. Further, it does not allow the factfinder an opportunity to clarify conflicting areas nor allow him to develop incomplete and fragmentary points.

It is accordingly ordered that defendant Wolf's Motion to Dismiss be and the same is hereby denied.