UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Plaintiff,

v.

Peter DITORO, Paul Brawer, Alfred
Brawer, S. C. Mazaleski and The
Pittston Hospital, Defendants.

Civ. No. 7428.

United States District Court
M. D. Pennsylvania.

July 24, 1962.

O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., for plaintiff.

Hourigan, Kluger & Spohrer, Wilkes-Barre, Pa., for defendant, Peter Ditoro.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendant, S. C. Mazaleski.

SHERIDAN, District Judge.

This is a motion by certain defendants to dismiss plaintiff's complaint for a declaratory judgment. The plaintiff is a Maryland corporation with its principal place of business in Baltimore, Maryland. The defendants are Dr. Peter Ditoro and Dr. S. C. Mazaleski, who are physicians and citizens of Pennsylvania. The Pittston Hospital, a Pennsylvania corporation, and Paul Brawer and Alfred Brawer, individuals, and citizens of New Jersey, are also defendants, but did not move to dismiss.

Motion affidavits were filed by the plaintiff and by defendant, Ditoro.

On September 2, 1959, defendant, Paul Brawer, a minor, complained of abdominal pain and consulted Ditoro. After treatment by Ditoro, Brawer was admitted to The Pittston Hospital for an appendectomy. On September 6, 1959, the operation was performed by Mazaleski, who had been called into the case by Ditoro. Ditoro assisted Mazaleski during the operation. While in the hospital, Brawer was a surgical patient of Mazaleski, although there were occasional visits by Ditoro. Brawer's condition did not improve, and Mazaleski performed two additional operations to relieve certain complications which developed following the appendectomy.

A few days after the appendectomy, defendant, Alfred Brawer, the father of Paul Brawer, told hospital personnel of his dissatisfaction with his son's condition, and that he was going to sue. Apparently, Ditoro had knowledge of these statements.

Between January, 1960, and February, 1961, Ditoro received four letters regarding Paul Brawer from various attorneys in New Jersey and Pennsylvania. The first three letters were destroyed. Their contents depend on statements made to plaintiff by Ditoro and on Ditoro's affidavit. Ditoro described the first two letters as requests for the name of his insurance company and for information concerning Paul Brawer's treatment. The third letter threatened suit. The fourth letter, attached to Ditoro's affidavit, stated, "the treatment given Paul Brawer did not conform to the standard of professional care which should have been afforded him." It invited Ditoro or his representatives to enter into discussions to conclude the matter without the necessity of bringing suit.

In his affidavit Ditoro said it was his understanding that any injury to Paul Brawer was the result of surgical procedures. Since he was not a surgeon, and did not perform the surgery, and his insurance policy did not cover surgical treatment, he did not notify his insurance carrier of the potential claim.

On July 18, 1961, Paul Brawer, a minor, by his parent and natural guardian, Alfred Brawer, and Alfred Brawer, in his own right, plaintiffs, filed Civil Action No. 7343 in the United States District Court for the Middle District of Pennsylvania against Ditoro, Mazaleski and The Pittston Hospital, defendants, for personal injuries allegedly due to negligence in the medical and surgical treatment of Paul Brawer. On July 26, 1961, the complaint was served on Ditoro who delivered it to the Allen Insurance Agency, Pittston, on the following day. It is not indicated whether the insurance agency was authorized to receive such notices. In any event, the plaintiff received actual notice by August 2, 1961.

Plaintiff disclaimed liability under the policy because it contended Ditoro had not given timely notice of Brawers' claims. Plaintiff requested Ditoro to sign an agreement under which plaintiff would undertake Ditoro's defense in Civil Action No. 7343 with a reservation of its right to contest liability under the policy. Ditoro refused and insisted that the company defend the action without reservation. On September 29, 1961, plaintiff notified Ditoro that while it denied liability under the policy, it would join in Ditoro's defense; the joinder was not to be construed as a waiver of any of the conditions of the policy; and the plaintiff would insist on strict compliance with all terms of the policy, especially those concerning notice. Plaintiff also reserved the right to withdraw from the action at anytime. On October 2, 1961, plaintiff's attorney and private counsel for Ditoro filed an answer to Civil Action No. 7343.

On October 23, 1961, plaintiff filed this declaratory judgment action. In the complaint plaintiff requests the Court to declare that Ditoro did not comply with the notice conditions of the insurance policy; that plaintiff will not be liable to Ditoro for Brawers' claims; and that all proceedings in Civil Action No. 7343 be stayed until final determination of the declaratory judgment proceeding.

The insurance contract between plaintiff and Ditoro provides in part:

"I Professional Liability

Coverage A—Individual Coverage

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury arising out of malpractice, error or mistake in rendering or failing to render professional services in the practice of the Insured's profession described in the declarations, committed during the policy period by the Insured or by any person for whose acts or omissions the Insured is legally responsi-

ble except as a member of a partnership."

\* \* \* \* \* \*

"II Defense, Settlement, Supplementary Payments

With respect to such insurance as is afforded by this policy, the Company shall:

"(a) defend any suit against the Insured alleging such injury and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation and negotiation and, with the written consent of the Insured, such settlement of any claim or suit as the Company deems expedient; \* \*"

"2. Notice of Injury, Claim or Suit

Upon the Insured becoming aware of any alleged injury covered hereby, written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

DITORO'S MOTION TO DISMISS

Ditoro contends that the complaint fails to state a claim upon which relief can be granted.

■ A motion to dismiss a complaint for failure to state a claim on which relief can be granted admits the facts alleged in the complaint, but challenges the plaintiff's right to relief. The complaint should not be dismissed unless it appears to be a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Hughes v. Local No. 11 of International Association of Bridge, Etc., 3 Cir., 1961, 287 F.2d 810; Frederick Hart & Co. v. Recordograph Corporation, 3 Cir., 1948, 169 F.2d 580.

The complaint alleges that Ditoro's policy provided that upon the insured's becoming aware of any alleged injury covered by the policy, notice was to be given as soon as practicable to the plaintiff; that Ditoro was informed by Brawer in September, 1959, and by several attorneys at various times between September, 1959, and July, 1960, when Civil Action No. 7343 was filed; that the Brawers intended to file a malpractice suit against Ditoro; that plaintiff was not given notice of the claim until August 2, 1961.

■ Plaintiff's complaint sets forth a matter which comes with § 2201 of Title 28 of the United States Code Annotated. This is so even though a judgment has not been obtained against the insured. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826; Beacon Theatres Inc. v. Westover, 1959, 359 U.S. 500, 504, 79 S.Ct. 948, 3 L.Ed.2d 988; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 1938, 101 F.2d 514; State Farm Mutual Auto Insurance Co. v. Mossey, 7 Cir., 1952, 195 F.2d 56, 58; Allstate Insurance Co. v. Dillard, E.D. Pa.1960, 190 F.Supp. 111, 112.

Plaintiff's failure to allege prejudice does not affect the sufficiency of the complaint. The application for the policy was made in Pennsylvania, the policy was countersigned and delivered in Pennsylvania, and the premiums paid from Pennsylvania. The policy covered the professional liability of Ditoro who practiced in Pennsylvania. The rights of the parties are determined by the laws of Pennsylvania. Aetna Life Insurance Co. v. Mitchell, M.D.Pa.1960, 180 F.Supp. 674, 676. Under Pennsylvania law, a provision in a liability insurance policy requiring that notice be given "as soon as practicable" is a condition precedent to the imposition of liability, and failure to comply with the condition releases the insurer even though no prejudice may

have resulted. Meierdierck v. Miller, 1959, 394 Pa. 484, 486, 147 A.2d 406.

 Ditoro also contends that the declaratory judgment action will involve many issues to be determined in Civil Action No. 7343 and the result will be a multiplicity of suits. In its discretion the Court may refuse jurisdiction in cases in which a declaratory action presents issues which would be resolved by another pending state or federal action. Maryland Casualty Co. v. Consumers Finance Service, supra; Maryland Casualty Co. v. Green, E.D.Pa.1958, 167 F.Supp. 226, 227, affirmed, 3 Cir., 1959, 266 F.2d 31. This discretion must not be exercised arbitrarily, but rather in accordance with sound principles of law. Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 3 Cir., 1942, 130 F.2d 474, 475; Shell Oil Co. v. Frusetta, 9 Cir., 1961, 290 F.2d 689, 691–692. A district court may decline jurisdiction of a suit to obtain declaratory relief if it appears that the same parties and issues are involved in another lawsuit previously begun. Crosley Corporation v. Westinghouse Elec. & Mfg. Co., supra. See also, Maryland Casualty Co. v. Green, supra.

 Plaintiff's attorneys have entered an appearance for Ditoro in Civil Action No. 7343, but plaintiff is not a party. The issues in the two cases are different. Whether Ditoro gave reasonable notice to his insurance company will not be an issue in Civil Action No. 7343. The negligence of the defendants in that action will have no relevancy in the declaratory judgment action. Associated Indemnity Corporation v. Davis, 3 Cir., 1943, 136 F.2d 71, 73.

Finally, Ditoro contends that he gave plaintiff notice as soon as practicable under the circumstances, and that any violation of the policy provisions on notice has been waived by entry of plaintiff's appearance on his behalf in Civil Action No. 7343.

These contentions depend to a large extent on information contained in the affidavits filed by plaintiff and Ditoro.

Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that if on a motion to dismiss for failure of a pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56 of the Federal Rules of Civil Procedure.

 Summary judgment is proper if there is a question of law but no issue of fact. B. H. Deacon Co. v. United States, E.D.Pa.1960, 189 F.Supp. 146. Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 3, Section 1234; Rule 56(c), Federal Rules of Civil Procedure. The motion affidavits show that essential facts are either in dispute or require further development. The policy provides that notice of any alleged injury "covered hereby" is to be given the plaintiff "as soon as practicable." Such a provision means that notice should be given within a reasonable time and reasonableness varies with the circumstances of each case. If there are extenuating facts, it is for the jury to decide whether the delay is justifiable. Unverzagt v. Prestera, 1940, 339 Pa. 141, 13 A.2d 46. On a motion to dismiss or on a motion for summary judgment, a court should not decide fact issues based on conflicting or incomplete data. See Frederick Hart & Co. v. Recordograph Corporation, supra; McNair v. Wolf, E.D.Pa.1961, 27 F.R.D. 467, 468; B. H. Deacon Company v. United States, E.D.Pa.1960, 189 F.Supp. 146.

MAZALESKI'S MOTION TO DISMISS

Mazaleski contends that he is not a proper party to this declaratory judgment action because he is not a party to the insurance contract. No cases have been cited to support this proposition.

 In an action by an insurer against the insured for a declaration of non-liability under a policy, the injured party, before judgment against the insured, is considered a necessary and proper party because the injured party has a material interest in the outcome of the

suit, and the insurer has a right to have its obligations to the injured party, as well as to the insured, determined. Maryland Casualty Co. v. Consumers Finance Service, supra. Central Surety & Ins. Corporation v. Caswell, 5 Cir., 1937, 91 F.2d 607.

The insurance contract provides:

"4. Action Against Company. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

 Plaintiff argues that the complaint in Civil Action No. 7343 alleges joint and several negligence and liability on the part of Ditoro, Mazaleski and The Pittston Hospital. If it is subsequently determined that concurrent negligence of Ditoro and Mazaleski caused injury to Paul Brawer, and Mazaleski is compelled to satisfy the judgment, Mazaleski would be entitled to contribution from Ditoro. Smith v. Whitmore, 3 Cir., 1959, 270 F.2d 741; Falciani v. Philadelphia Transportation Co., E.D.Pa.1960, 189 F.Supp. 203. Mazaleski could assert his claim for contribution against the plaintiff. Therefore, Mazaleski has a material interest in the action.

In The Cyclopedia of Federal Procedure, 3rd Edition, 1953, Vol. 15, Section 90.73, the following is stated:

"—In actions as to insurance.

"In suits for declaratory relief as to insurance policies, the insurer, insured beneficiaries, or claimants whose demands against the insured are within the coverage of the policy, ordinarily are proper if not necessary or indispensable parties. Where the suit is by a liability insurer, persons suing or having a possible claim against the insured within the possible coverage of the policy are proper and, under some circumstances, necessary or indispensable parties. Usually, the insured is an indispensable party. And another insurer may be at least a proper party. However, in a declaratory suit by an insurer, persons who will be affected by the declaration, but with whom the insurer has no controversy, are not necessary parties."

Rule 57 of the Federal Rules of Civil Procedure provides that the procedure for obtaining a declaratory judgment is to be in accordance with the rules. See also Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 1940, 113 F.2d 703; Mutual Life Ins. Co. of New York v. Benton, W.D.Mo.1940, 1 F.R.D. 151. The injured party, before judgment against the insured, is a necessary and proper party to a declaratory judgment action under Rule 19. Maryland Casualty Co. v. Consumers Finance Service, supra. If Mazaleski is required to satisfy any judgment obtained against him and Ditoro, Mazaleski would be injured at least to the same extent as the injured plaintiff who is proceeding against Ditoro, but who has not as yet obtained judgment.

In addition, under Rule 20 of the Federal Rules of Civil Procedure, a person having an interest in the subject matter of the litigation which may be conveniently settled in the action is a proper party to and may be joined as a defendant in an action provided there is asserted against him and other defendants any right to relief presenting common questions of law and fact and arising out of the same transactions, occurrences or series of transactions and occurrences. Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Sections 511, 533. Moore's Federal Practice, Second Edition, Sections 19.02, 20.06; Dun-

ham v. Robertson, 10 Cir., 1952, 198 F.2d 316.

 Plaintiff's liability to Ditoro, and to Mazaleski on a claim for contribution, is dependent on whether Ditoro fulfilled the conditions of the insurance policy. Cameron v. Berger, 1939, 336 Pa. 229, 7 A.2d 293. The relief requested involves common questions of law and fact arising out of the same occurrence. Mazaleski, having a material interest in the action, is at least a proper party. Great American Insurance Company v. Harleysville· Mutual Casualty Co., 4 Cir., 1961, 285 F.2d 262. Associated Indemnity Corporation v. Davis, supra. This is consistent with the policy of the rules favoring the resolution of all the rights of different persons arising out of a common contract. Rush and Halloran, Inc. v. Delaware Valley Financial Corp., E.D.Pa.1960, 180 F.Supp. 63.

The motions to dismiss will be denied.