Gerald PUGH, Plaintiff-Appellant,

v.

S. C. HUTCHINSON CO., INC., Defendant-Appellee.

Mack A. BROWN, Plaintiff-Appellant,

v.

S. C. HUTCHINSON CO., INC., Defendant-Appellee.

Nos. 77–1690, 77–1691
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William S. Lawson, Tupelo, Miss., for plaintiffs-appellants.

Fred M. Bush, Jr., William C. Murphree, Tupelo, Miss., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

This diversity case involves a car-truck accident. The plaintiffs, Brown and Pugh, are the driver and passenger of a car that struck the defendant Hutchinson's parked truck. According to the evidence adduced at trial, Hutchinson was driving east on Highway 78 when suddenly and unexpectedly his headlights failed. Hutchinson immediately pulled to the side of the highway. Before Hutchinson could place warning flares on the highway as required by Section 63–7–71 [1] of the Miss.Code Ann. (1972), the Brown auto with Pugh as a passenger crashed into the rear of the truck. A jury returned a defendant's verdict and the plaintiffs have prosecuted this appeal. We affirm the district court.

The plaintiffs claim that the Hutchinson truck was parked illegally in violation

---

1. Miss.Code Ann. § 63–7–71 (1972) provides in pertinent part:

(1) Whenever any motor truck or bus is stopped upon the highway except for the purpose of picking up or discharging passengers, or its lighting equipment is disabled during the period when lighted lamps must be displayed on vehicles and such motor truck or bus cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, fusees, reflectors, or other signals to be lighted or otherwise placed in an operating condition and placed upon the highway, one at a distance of approximately one hundred feet to the rear of the vehicle, one approximately one hundred feet in advance of the vehicle and the third upon the roadway side of the vehicle. However, if the vehicle is transporting inflammables, no flares (pot torches) fusees, oil lanterns, or any signal produced by a flame, may be used, and in lieu of such signals, either (a) three red electric lanterns or flares and three red cloth flags, or (b) three emergency reflectors and three red cloth flags shall be used.

of Section 63–3–903,[2] Miss.Code Ann. (1972), and that such violation was negligent *per se.* The trial judge determined that a jury question was presented whether the truck was disabled so as to excuse Hutchinson from the statute and submitted an appropriate instruction.[3] The plaintiffs complain about this instruction for the first time on this appeal. Since the federal rules clearly require a timely objection at trial,[4] we have no cause to review this instruction for the first time here. The same can be said for the plaintiffs' second point of error objecting to the form of Special Interrogatory 1[5] and a related objection concerning the flare requirement of Section 63–7–71. *United States v. Trinity Universal Ins. Co.,* 457 F.2d 950 (5 Cir. 1972); *Western Fire Ins. Co. v. Word,* 131 F.2d 541 (5 Cir. 1942); *Scott v. Isbrandtsen Co.,* 327 F.2d 113 (4 Cir. 1964).

In their next point, the plaintiffs object to an instruction given by the court concerning contributory negligence.[6] The plaintiffs contend that there was no evidence introduced in support of the instruction and that they were thereby prejudiced by the instruction. After a review of the evidence, we are convinced that the evidence amply supports a submission of the objected to instruction. At the time of the accident, the conditions were less than ideal—the highway was wet as it had been raining, it was foggy and misty, and the driver of the car had been drinking. Taking this evidence into consideration, we

2. Miss.Code Ann. § 63–3–903 provides:

(1) No person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of any highway outside of a business or residence district when it is practical to stop, park, or so leave such vehicle off such part of said highway. In every event, however, a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway.

(2) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.

3. In submitting the case to the jury on special interrogatories, the court gave the following instruction:

Now then, if you believe from the evidence that the defendant's headlights suddenly went out, without any prior warning and without any negligence on his part, and if you further believe from the evidence that after his lights went out, it was not reasonably practical for Mr. Hutchinson to drive his truck off of the paved portion of the highway, then he was not guilty of negligence in stopping as he did. If you further believe from the evidence that the Brown vehicle collided with the Hutchinson truck before Mr. Hutchinson had time to put out flares or take any other action to prevent a collision, then you should find that Mr. Hutchinson

was not guilty of negligence which proximately caused or proximately contributed to the accident.

4. Rule 51 F.R.C.P. provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

There is no claim of plain error in the instant case.

5. Special Interrogatory 1 states:

Do you find from a preponderance of the evidence that Mr. Hutchinson was negligent in stopping his truck in the manner and at the time and place which he did?

6. The court gave the following instructions on contributory negligence:

A passenger who voluntarily rides in a vehicle being driven by a person who operates the vehicle at a rate of speed in excess of that which is reasonable and proper under the circumstances then and there existing is under a duty to protest such speed when the same is known to such passenger or in the exercise of reasonable care should have been known to him.

think that an instruction on contributory negligence was warranted.[7]

█ In their final point, the plaintiffs contend that the verdict was rendered against the great weight of the evidence. They call upon this court to overturn the jury's verdict. This we do not do lightly. On the basis of the evidence, a jury in the instant case could reasonably find that Hutchinson stopped his truck as a result of an unforeseen emergency, that his choice of stopping place was not unreasonable under the circumstances, and that his failure to place flares on the highway resulted from a lack of time to do the required act.

Finding no merit to the plaintiffs' points of error, we affirm the district court.

AFFIRMED.

---

7. Pugh does not contend that there is no duty under Mississippi law to protest the driver's negligent driving.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.