## FEDERAL HOUSING ADMINISTRATOR v. CHRISTIANSON et al.

### Civ. No. 83.

District Court, D. Connecticut.

Feb. 14, 1939.

Val J. Sacco, Asst. U. S. Atty., of Hartford, Conn., for the Government.

J. Robert Beecher, of Bridgeport, Conn., for defendants.

HINCKS, District Judge.

The complaint in the first count states a cause of action against three defendants on a promissory note, and in the second count states a cause of action against two of said defendants upon another promissory note. The payees of the notes and the face amount of the notes are different. One note is dated at Bridgeport March 2, 1937, and the other is dated at Boston on the same date. The complaint alleges with respect to each note that it was endorsed to the plaintiff on or about March 2, 1937.

The matter is before the court upon a motion of the defendants to dismiss because of misjoinder of causes.

Rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, deals with the joinder of actions. By this rule, when a joinder involves multiple parties, Rule 20 becomes applicable, and under Rule 20 the test is "do the claims involve a common question of law or fact"? Moore's Federal Practice, Page 2120.

Clearly there is no common question of fact involved here. For each note necessarily involves separate questions of fact. Nor, I hold, is there here involved a common question of law. For under the first count the only questions of law relate to the liability of the three defendants upon the first note and under the second count the only questions of law relate to the liability of the two defendants upon the second note. Whether the same general principles of law are applicable is no part of the prescribed test. To rule otherwise would in effect permit a creditor, such as a bank, to bring a single action against all debtors whose obligations arose out of promissory notes, upon the theory that a common question of law was involved.

But although I conclude that the plaintiff was not entitled as of right to join the two causes of action, it does not follow that the motion to dismiss should be granted. Rule 21 provides specifically "Any claim against a party may be severed and proceeded with separately." In this case a severance will not affect the jurisdiction and without prejudice to any substantial right will serve every proper end of justice. In Moore's Federal Practice, page 2120, it is said that "a court should rarely dismiss for misjoinder of actions." I hold, therefore, that the motion to dismiss should be denied but that the two counts may be deemed completely severed. As a result the case shall be dealt with in all matters touching the merits as though two civil actions were pending instead of one, with the defendants entitled to separate trials, at least unless it shall hereafter appear that the two causes are appropriate for consolidation under Rule 42.