**STIFFLER v. DIEHL et al.**

Civil Action No. 5999.

District Court, W. D. Pennsylvania.

Feb. 13, 1947.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for plaintiff.

Paul Andrews Koontz, of Bedford, Pa., for defendant.

GIBSON, District Judge.

A motion has been filed on behalf of each defendant wherein the court is asked to dismiss the action because the complaint fails to state a claim upon which relief can be granted, and to dismiss it as to each defendant substantially because of misjoinder of the parties defendant.

On argument upon the motions the defendants further attacked the complaint on the grounds that plaintiff was not entitled to equitable relief as prayed by him, that a proper tender was not set forth, that the plaintiff, not having been named in the sealed options, the subject of suit, has no right to institute the action.

 Both plaintiff and defendants have overlooked the fact that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have taken away the distinction between actions at law and actions in equity. The option given by each defendant sets forth $300 per share as the amount of damages in case of default in the delivery of the stock. Whether the action will be held to be at law or for equitable relief may depend upon the testimony adduced.

As to the tender, in the pleading said to be "on or about" the day for final delivery, the counsel for plaintiff asserts his ability to amend, and we therefore pass by this claim at present.

Under the Federal Rules, the court is of opinion that the plaintiff may institute the action in his own name.

This brings us to the one question which gave the court some concern, namely, the charge of misjoinder. It did not consider the dismissal of the action, but only whether a severance should be granted. See Rule 21 of the Rules of Federal Procedure; Alabama Independent Service Station Ass'n, Inc., v. Shell Petroleum Corporation et al., D.C., 28 F.Supp. 386; Federal Housing Administrator v. Christianson, D. C., 26 F.Supp. 419.

It seems somewhat doubtful if the defendants should be joined in the present action under the terms of Rule 20. So far as appears from the complaint, the options were obtained from the defendants at different times and different places. The question is whether the cause of action arose "out of the same transaction, occurrence, or series of transactions * * * or if any question of law or fact common to all of them will arise." It was made apparent that the defense will be fraud on the part of the persons who obtained the options. Also, the testimony of plaintiff in support of his claim for equitable relief would necessarily be the same. In view of this situation time will be saved by one trial, and the defendants cannot be hurt by joining them as defendants rather than causing the cases to be tried one after the other. Therefore the court will not order a severance.