**BAKER v. WATERMAN S. S. CORP. et al.**

**JONES v. WATERMAN S. S. CORP. et al.**

United States District Court
S. D. New York.

May 3, 1951.

Benjamin B. Sterling, New York City (Betty H. Olchin, New York City, of counsel), for plaintiffs.

Gay & Behrens, New York City (Edward J. Behrens, New York City, of counsel), for defendants.

WEINFELD, District Judge.

While both actions, arising out of an explosion, involve common questions of law and fact, the Court cannot say that a consolidation under Rule 42 of the Rules of Civil Procedure, 28 U.S.C.A., may not be prejudicial to the defendants.

The nature and extent of the injuries sustained by the plaintiff in each separate action and the period of disability are different. No matter how carefully a jury were instructed as to separate consideration of the damages of each plaintiff, there is a chance that the jury after listening to evidence as to pain, suffering and injury of the two plaintiffs may be influenced, subconsciously perhaps, by the more serious

injuries of one plaintiff in reaching its verdict in the case of the other. While the presumption must be that the Court's instructions will be adhered to and the danger of prejudice to the defendant is more apparent than real, nonetheless, in view of the gruesome nature of the injuries it should not be subjected to this prejudicial risk, no matter how slight. A paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto.

Moreover, little or no inconvenience will be caused to witnesses by two separate trials, one to follow the other. It appears that their testimony will also be required in a third action arising out of the same accident, which bears calendar No. 672 (the actions sought to be consolidated bear calendar Nos. 668 and 671) immediately to follow the latter two, and so the witnesses in any event will have to remain here for that trial. No motion to consolidate that action with the above two has been made.

In the exercise of discretion the motion to consolidate is denied.

Settle order on notice.