**MUSIC MERCHANTS, Inc., Plaintiff,**
v.
**CAPITOL RECORDS, Inc., Capitol Records Distributing Corp., Decca Records, Inc., Decca Distributing Corporation, Defendants.**

Civ. No. 14596.

United States District Court
E. D. New York.

Jan. 4, 1957.

On Motion for Severance Jan. 4, 1957.

Socalow, Stein & Seton, New York City, for plaintiff.

Young, Kaplan & Edelstein, New York City, for defendant Capitol Records.

Cohen & Bingham, New York City, for Decca Records.

GALSTON, District Judge.

This is a motion by defendants Capitol Records, Inc. and Capitol Records Distributing Corp. to sever from the complaint the second and fifth causes of action against defendants Decca Records, Inc., and Decca Distributing Corporation, to drop the latter defendants from the third cause of action and to direct plaintiff to amend its present complaint accordingly and to proceed solely against defendants Capitol Records and Capitol Distributing on the first, third and fourth causes of action, on the ground that the requirements of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., with respect to permissive joinder of claims and of parties have not been satisfied.

The complaint alleges that plaintiff is a corporation organized and existing under the laws of Pennsylvania, and has a place of business in the Eastern District of New York. The action is brought pursuant to provisions of the Sherman Act, 15 U.S.C.A. §§ 1–7, the Clayton Act, 15 U.S.C.A. §§ 12–17, and the Robinson-Patman Act, 15 U.S.C.A. § 13.

In the first cause of action it is alleged that Capitol Records and its wholly-owned subsidiary, Capitol Distributing Corp., have contracted, combined and conspired with others and with each other to restrain trade in the distribution of popular records. It further alleges that in furtherance of this "illegal conspiracy" Capitol Records has established distributors, including Capitol Distributing, each of which in its particular territory has an exclusive franchise; that as a condition to the maintenance of such franchise, Capitol Records has insisted that all its distributors agree to sell records at a price fixed by Capitol Records; and that all of such distributors have agreed with Capitol Records to sell all records produced by it throughout the entire United States at the uniform prices fixed by Capitol Records.

The second cause of action contains substantially the same allegations with respect to the formation and maintenance of a resale price-fixing conspiracy by Decca Records, Inc., and its wholly-owned subsidiary, Decca Distributing Corp. and "others."

The third cause of action incorporates by reference all of the paragraphs of the first and the second causes of action. It then alleges that the maintenance of nationally uniform prices at the wholesale distributors' level on records produced by Capitol Records and Decca Records has been the result of an agreement and arrangement among the four defendants, the terms of which were that Cap-

itol Records and Decca Records would require each of its distributors to maintain throughout the United States a uniform price scale, and that the price scale for both of said defendants would be identical. Capitol Distributing and Decca Distributing were alleged to have joined in the agreements and to have acted in furtherance of the alleged conspiracy. The effect of the foregoing arrangement and agreement, it is alleged, has been to restrain trade and commerce in the distribution of phonograph records among the several states. By reason of the facts complained of in the first, second and third causes of action, plaintiff claims it has been damaged in the amount of $200,000.

The fourth cause of action alleges that Capitol Distributing has discriminated against plaintiff and in favor of certain others purchasing from said defendant by selling at a lower price, by giving greater discounts, rebates and return privileges, and by granting certain allowances to such other purchasers. It is further alleged that these acts of Capitol Distributing were taken at the insistence and demand of Capitol Records, which ordered Capitol Distributing to carry out these practices as a condition to the continuance of its franchise. Damages are alleged in the amount of $50,000.

The fifth cause of action contains similar allegations with respect to alleged discriminatory practices by Decca Distributing at the instance and demand of Decca Records. It also alleges damages of $50,000.

Rule 18(a) of the Federal Rules of Civil Procedure provides, in pertinent part,

"* * *. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied."

Rule 20(a) of the Federal Rules states, in pertinent part,

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

Rule 19, dealing with necessary joinder of parties, and Rule 22, dealing with interpleader, are not material on this motion.

■ The allegations of the third cause of action incorporating the allegations of the first and second causes of action, in effect charge that Capitol Records entered into a price fixing agreement with Capitol Distributing and others, and that Decca Records entered into an identical price fixing agreement with Decca Distributing and others as a result of a combination and conspiracy of the four defendants to fix and maintain uniform prices at the wholesale distributors' level. It appears, therefore, that there is asserted against the defendants a right to relief "in respect of or arising out of the same * * * series of transactions or occurrences," namely, arising out of an alleged conspiracy by and among the four defendants. Moreover, the principal question of law involved is whether the alleged price fixing conspiracy is a violation of the Sherman Act.

■ It may be, as the moving parties contend, that facts evidencing any agreement between Capitol Records and Capitol Distributing will be different from the facts with respect to an agreement between Decca Records and Decca Distributing. However, Rule 20(a) provides for permissive joinder if "any" fact is common to all defendants; it does not require that all facts to be adduced be common to all. The facts to determine a conspiracy among all four defendants which resulted in their entering into the alleged illegal uniform price fixing arrangements will be common to them all. In any event; Rule 20(a) provides for a

joinder of defendants if there is *any* question of law *or* fact common to all.

██ With respect to the fourth and fifth causes of action alleging discriminatory pricing practices, it is not claimed in the allegations set forth therein that the practices of Capitol Distributing arose out of the same transaction, occurrence or series of transactions or occurrences as the practices of Decca Distributing. Moreover, it is not alleged in either the fourth or fifth causes of action that the acts complained of therein arose out of the conspiracy alleged in the first three causes of action. There appears to be a common question of law involved in the fourth and fifth causes of action, namely, whether the price discrimination practices alleged violated the Clayton Act and the Robinson-Patman Act. In Rule 20(a), however, the conjunctive "and" rather than the disjunctive "or" is employed in requiring that in asserting a right to relief against multiple parties such right arise out of the same transactions or occurrences and there be a common question of law or fact. Therefore, the provisions of Rule 20(a) are not satisfied, and the fourth and fifth causes of action should be severed from the complaint.

It appears that for the purposes of this motion, Capitol Records and Capitol Distributing do not object to combining in one complaint the causes of action against Capitol Records and Capitol Distributing. Consequently, plaintiff may proceed against these two defendants in one complaint on the first and fourth causes of action in the manner alleged therein, and on the third cause of action as against all defendants.

The plaintiff is directed to amend its complaint as indicated herein within twenty days from the entry of the order.

On motion of Decca Records, Inc., and Decca Distributing Corporation for severance.

This is a motion by defendants, Decca Records, Inc., and Decca Distributing Corporation, for an order, pursuant to Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., severing from the complaint the first and fourth causes of action against Capitol Records, Inc., and Capitol Records Distributing Corp., dropping those defendants from the third cause of action therein, and directing plaintiff to amend its present complaint accordingly and to proceed solely against the defendants Decca Records and Decca Distributing Corporation on the second, third and fifth causes of action.

The defendants making this motion have adopted the statements and arguments made by defendants, Capitol Records, Inc., and Capitol Records Distributing Corporation, on the motion made by these latter defendants with respect to the second and fifth causes of action and so much of the third cause of action to which said defendants object, on the ground of a misjoinder of parties.

Relief is granted as indicated in respect to the motion of defendants, Capitol Records and Capitol Distributing Corporation as it applies to the moving parties on this motion.

Settle order.