Joe R. ALLEN and Margaret S. Allen d/b/a Allen Trucking Company; Kyle F. Duncan; Walter Melhorn, Jr., and Henry Melhorn

v.

UNITED MINE WORKERS OF AMERICA.

Lyle F. KENNEDY d/b/a Lyle's Coal Company

v.

UNITED MINE WORKERS OF AMERICA.

Civ. A. Nos. 4191, 4194.

United States District Court
E. D. Tennessee, N. D.

Feb. 26, 1962.

Baker, Young, Young & Baker, Knoxville, Tenn., for plaintiffs.

Harrison Combs, Washington, D. C., R. R. Kramer, E. H. Rayson, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

These cases are before the Court upon the motion of plaintiffs to consolidate for joint trial. It is asserted that the actions involve common questions of law and of fact.

For convenience, Case No. 4191 will be referred to as the Allen case and Case No. 4194 as the Kennedy case.

The motion is opposed by defendant upon the ground that some of the facts involved in the Allen case are not relevant to the Kennedy case and that proof relating to such facts would confuse the jury and prejudice the rights of the defendant.

Four trucking concerns are plaintiffs in the Allen case while one strip mining coal operator is the plaintiff in the Kennedy case. At the time of some of the occurrences complained of, plaintiffs in the Allen case were hauling coal from the Kennedy project. Each case is based on a violation of Section 303 of the Taft-Hartley Act. (29 U.S.C.A. § 187.) The Kennedy case is also based on the violation of common law duties allegedly owed to plaintiff.

The motion to consolidate was made pursuant to Rule 42(a) of the F.R.Civ. P., 28 U.S.C.A.[1]

Defendant concedes that the testimony on the issues of the existence of a secondary boycott in each case would overlap, but testimony on the question of damages in each case would, of course, be different.

It is asserted that the occurrences made the basis of the secondary boycott in one case took place in Campbell County while the occurrences of the other took place in the New River Section of Anderson County.

It is conceded that there might be some overlapping testimony if the cases are tried separately, but it is urged that consolidation would bring in an enormous amount of evidence which would not be introduced if the cases were tried separately.

It is contended that the jury could not keep straight the many issues which it would have to decide on the basis of numerous facts which would be involved in a consolidated trial; that this would prejudice the rights of the defendant despite clear instructions from the Court and despite the submission of separate issues to the jury.

In support of its insistences, defendant relies upon the cases of Baker v. Waterman S. S. Corp. (Jones v. Waterman S. S. Corp.), 11 F.R.D. 440, 441, (S.D.N.Y., 1951) in which the District Court stated: "Considerations of economy of time, money and convenience of witnesses must yield to the paramount consideration of having a fair and impartial trial." This Court is in full accord with this principle.

The actions in the Waterman cases were for damages for personal injuries arising out of an explosion. The District Judge was of the opinion that they should not be consolidated because the nature and extent of injuries sustained by plaintiff in each case and period of disability were different and there was a chance that the jury, after listening to the evidence as to pain, suffering and injury of the two plaintiffs could be influenced, subconsciously by more serious injuries of one plaintiff in reaching its verdict in case of the other, and little or no inconvenience would be caused by separate trials. We do not believe that the reason given by the Court in these cases for refusing to consolidate is controlling of the motion under consideration.

A comparison of the two complaints shows that paragraphs 1 are identical, paragraphs 2 describe the businesses of the plaintiffs, paragraphs 3 are identical and paragraphs 4, 5 and 6 are substantially identical. The Kennedy complaint contains only one count and 6 paragraphs, while there are nine paragraphs in the first count and two paragraphs in each of the second, third and fourth counts of the Allen complaint. But, the additional paragraphs in the Allen complaint deal primarily with compensatory and punitive damages allegedly sustained by each plaintiff. It is, therefore, obvious that the alleged causes of action involve common questions of law and fact which arose out of the same series of transactions or occurrences. Rule 20(a) F.R.Civ.P.[2]

---

1. "(a) *Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

2. "(a) *Permissive Joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same

If the cases are consolidated for joint trial, saving of trial time, saving of expense to the Government and to the parties, and saving of expense and time of the witnesses will result.

We are unable to agree with counsel's insistence that consolidation would prejudice the defendant on account of proof being introduced in behalf of one plaintiff, particularly with respect to damages that would not be relevant to the other plaintiff, and that because of this, the jury would have difficulty in understanding the issues and determining the facts.

It is believed that the evidence can be presented and the issues framed so that the jury can well understand and decide the problems that are involved in the cases after being charged by the Court.

This Court and counsel for the defendant have had much experience in trying cases to a jury that involved multiple parties and multiple issues. In the cases of Paul Hitch, et al. v. Aluminum Company of America, C.A. No. 2744 and Moses W. Howard, et al. v. Aluminum Company of America, C.A. No. 1949, counsel for the defendant in this case represented the Aluminum Company in those cases which involved some 72 parcels of land, titles to which were in more than 100 parties. These cases were tried to a jury over a period of around fourteen calendar weeks in which one verdict was rendered on the question of liability and 63 were rendered on the question of damages. And no contention was made by defendant after the trial that its rights were prejudiced by the joint trials.

From the Court's experience, it does not doubt that a jury can try the present cases, which involve only five plaintiffs, without prejudice to any of the parties.

The present cases were filed on February 24, 1961 which makes them a little more than a year old.

The Court is of the opinion that the ends of justice will be met by a consolidation for joint trial. Stanford v. Tennessee Valley Authority, (D.C.M.D. Tenn.1952) 18 F.R.D. 152; Walker v. Biggs, (D.C.S.D.Tenn.) 7 F.R.D. 78.

Consolidation for joint trial shall not deprive the parties of the right to their peremptory jury challenges in each case. Signal Mountain Portland Cement Co. v. Brown, (C.A. 6) 141 F.2d 471, 476.

Present order sustaining the motion.

transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."