Luis H. Carrasquillo, Petitioner, *v.* Superior Court of Puerto Rico, San Juan Part, Angel Fiol Negrón, Judge, Respondent; Lippitt & Simonpietri et al., Interveners.

No. 2831. Decided March 11, 1963.

*César J. Dones Magaz* for petitioner. *Emilio de Aldrey* for interveners.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Petitioner Luis H. Carrasquillo alleged in the complaint in this case that on July 7, 1959, while driving his automobile on the Ponce–Santa Isabel road, he was negligently struck by a van owned by the firm D. Serra & Cía., which was insured by codefendant United States Casualty Co.; that the collision caused damages to his person and the total loss of his vehicle, thus creating a serious problem to him, since in

the functions of his office in the Department of Agriculture of Puerto Rico he needed transportation to visit the different places. Petitioner further alleged that Rafael Macías López, in his capacity of chief adjuster of codefendant Lippitt & Simonpietri, Inc. and on behalf of said insurer, agreed to pay him $1,200 to purchase another vehicle and thus solve his transportation problem on condition that the insurer be relieved from further payments or claims with respect to such vehicle; that to that effect Macías delivered to him a printed form to be signed and returned by the latter, which he did; that when making claim for personal injuries sustained by him in the accident, he found out that codefendants rejected the same on the ground that the printed form signed by him covered a general release not only of the claim for damages to the automobile but also for personal damages, all of which points to the fact that Macías López knowingly defrauded petitioner in delivering to him the form for his signature. Wherefore, petitioner in his complaint prays (1) that the said release be rendered null and void as respects his personal damages; (2) that codefendant U. S. Casualty Co. pay him the sum of $3,700 as indemnity for the personal injuries specified; (3) that interveners pay him the sum of $10,000 for damages caused by Macías' tortious acts; (4) in the alternative, if U. S. Casualty Co. is not ordered to pay for the personal injuries sustained by petitioner, that interveners be ordered to pay solidarily to petitioner the sum of $3,700 or such sum as the insurer would have been bound to pay him had it not been for intervener Macías López' tortious conduct, plus costs, fees, and any adequate relief under the circumstances.

Defendants filed a motion to dismiss on the ground that the complaint does not state facts sufficient to constitute a cause of action. In its order of March 10, 1961, the trial court ruled that the motion is based on the fact that interveners are not real parties to the action because they are

agents or representatives of the insurer,[1] and concluded that the misjoinder of parties is no ground on which to dismiss a motion, and, therefore, under Rule 18 [2] of the Rules of Civil Procedure it proceeded to order the elimination of interveners as defendants.

Feeling aggrieved by said order, petitioner filed this petition for certiorari and to review the proceedings we issued the writ.

In support of his contention, petitioner alleges that the complaint presents three situations. One, in which there are three third-party claims, jointly; another, in which claims are made in the alternative; and another, in which claim is also made solidarily. Hence, according to his contention, Rule 18 on misjoinder of parties does not exactly govern the matter, but rather Rule 17.1 of the same Rules, entitled "Permissive Joinder of Parties," which provides:

"Any number of persons may be joined in one action as plaintiffs or defendants if they assert or if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

---

[1] On the extracontractual liability of agents or representatives of insurance companies by reason of promises made to insureds, see the recent case of *Jackson* v. *Kemp*, decided by the Supreme Court of Tennessee on February 7, 1963 and which appears in 31 U.S.L. Week 2417.

[2] Rule 18 of the Rules of Civil Procedure provides:

"Nonjoinder or misjoinder of parties is not ground for dismissal of an action. Any party may be added or dropped by order of the court, of its own initiative or on motion of any party, at any state of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

632

The complaint in this case alleges three causes of action to wit: one against the insurer for personal damages sustained by petitioner in the accident; another against Macías López and Lippitt & Simonpietri for damages for fraud committed by them in inducing petitioner to sign a release from any and all liability in favor of the insurer, when the fact is that the agreement, as alleged by plaintiff, was a release from indemnity for damages to the vehicle; and in the alternative, in the event the insurer is not held liable for personal injuries sustained by petitioner, that interveners be ordered to pay to petitioner $3,700 or such sum as the court may determine that the insurer would have been bound ordinarily to pay to petitioner had it not been for Macías López' tortious conduct. The questions of fact and of law relative to the execution and effect of said release are common to these three causes of action.

We agree with petitioner that interveners should not have been dropped as defendants under Rule 18 *supra*. The interveners were not joined, as claimed by the trial court, only as agents or representatives of the insurer, but because two causes of action are alleged against them founded on their own liability for Macías López' acts and separately and independently of the insurer's liability.

Therefore, the question for decision is whether the joinder of interveners is permissible under Rule 17.1, or whether the causes of action against the insurer should be separated from the cause of action against interveners, as provided in Rule 38,[3] and, in the latter event, whether it should order afterwards the consolidation of both actions.

---

[3] Rule 38 of the Rules of Civil Procedure provides:

"38.1—When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"38.2—The court, in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim, cross-claim, counter-

■■■ Rule 17 is procedural in nature. It is designed to remove obstacles to joinder without affecting the substantive rights of the parties. Also, to promote trial convenience, prevent a multiplicity of suits, and to expedite the final determination of the litigation by inclusion in one suit of all parties directly interested in the controversy despite technical objections previously existing in many situations; and, lastly, it recognizes the economy of a proceeding under which several demands arising out of the same occurrence may be tried jointly, thus avoiding the reiteration of the evidence relating to facts common to the several demands. The rule should therefore be liberally construed and applied in practice when consistent with convenience in the disposition of actions. 2 BARRON AND HOLTZOFF, Federal Practice and Procedure, Rules Edition 177-78, § 531.

■■ In order that the joinder of parties may be proper under Rule 17.1, it is necessary to satisfy two requirements: in the first place, to assert against them any right or relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and, in the second place, a question of fact or of law common to all of them should arise in the action. It is not necessary that defendant be interested in defending himself against all the relief demanded. The rule also provides that judgment may be given for one or more defendants according to their respective liabilities.

■■ Since this is a case of joinder of claims against several defendants, it is well to point out that this may be done under Rule 14.1 [4] provided the requirements of Rules

---

claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, and it may enter judgment in accordance with the terms of Rule 44.2."

[4] Rule 14.1 provides as follows:

"The plaintiff in his complaint or in a reply setting forth a counterclaim, and the defendant in an answer setting forth a counterclaim, may join either as independent or as alternate claims as many claims

16, 17 and 19 are satisfied. For the purposes of the requirements of Rule 14.1, it is sufficient that the requirements of Rule 17.1 be satisfied in this case. *Music Merchants* v. *Capitol Records*, 20 F.R.D. 462 (D.C.N.Y. 1957).

■ There is a difference of criterion as to whether the phrase *all of them* in the clause "if any question of law or fact common to *all of them* will arise in the action" (italics ours) appearing in our Rule 17.1 *supra* refers to *claims* or to *persons*. Textwriters of renown such as Professor Moore are of the opinion that *all of them* in this case refers to claims and not to persons—3 MOORE, Federal Practice 1811, § 18.04 (3) (2d ed. 1948). This theory is based on the decision in *Federal Housing Administrator* v. *Christianson*, 26 F. Supp. 419 (Conn. 1939), in which it was held that there was misjoinder of parties in a cause of action against three defendants upon a promissory note and against two of said defendants upon another promissory note because, said the court, "clearly there is no common question of fact involved here. For each note necessarily involves separate questions of fact. Nor . . . is there here involved a common question of law. For under the first count the only questions of law relate to the liability of the three defendants upon the first note and under the second count the only questions of law relate to the liability of the two defendants upon the second note." We agree with Professor Wright [5] and with textwriters Barron and Holtzoff [6] that the doctrine of the *Christianson* case may be restrictive, and also that the phrase *all of them* used in the clause *supra* refers obviously to *persons* and not to claims, and, therefore, that there was no misjoinder of parties in that case.

---

as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 16, 17, and 19 are satisfied. There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 11 and 12 respectively are satisfied."

[5] *Joinder of Claims and Parties*, 36 Minn. L. Rev. 580, 600-11.

[6] BARRON AND HOLTZOFF, *supra*, at 196–202, § 533.1.

 The decisions on the problem of joinder of parties have been based on one or another of those criteria, but it is evident, as will be seen from the cases cited and commented herein below, that the tendency of the courts is to favor joinder in order to avoid inconvenience, loss of time and duplicity of costs in holding separate trials.

In *United States Fidelity and Guaranty Co.* v. *Ditoro*, 206 F. Supp. 528 (Pa. 1962), an action on behalf of a minor was filed against two physicians and a hospital claiming damages for injuries due to negligence in the medical and surgical treatment of the minor. One of the physicians referred the complaint together with the summons to the insurance company with which he carried a professional liability policy. The company brought an action seeking a declaratory judgment declaring that it was not liable under the policy because the physician failed to comply with the notice conditions stipulated therein, and requested that the proceedings in said action for damages be stayed until final determination in this case. The other physician moved to dismiss as to him the declaratory judgment action because he was not a party to the insurance contract. It was concluded that the second physician had a material interest in the action, since if concurrent judgment is obtained against both and the second is required to satisfy the same, he would be injured to the same extent as the other, and in addition, because under Rule 20 of the Federal Rules, counterpart of our Rule 17.1, he has an interest since there is asserted against him and others a right to relief presenting common questions of law and fact and arising out of the same transaction.

In *Allen* v. *United Mine Workers of America*, 30 F.R.D. 41 (D.C. Tenn. 1962), plaintiffs moved to consolidate for joint trial two cases under Rule 42. In one case four plaintiffs were engaged in hauling coal from the Kennedy project and in the other plaintiff was a coal operator. Each of these cases was based on a violation of § 303 of the Taft-

Hartley Act, but the second was also based on the violation of common-law duties owed to plaintiff. The corresponding provision of our Rules of Civil Procedure is Rule 38. It was conceded that the question of damages was different in each case and that the occurrences which made the basis of the secondary boycott occurred in different counties. The averments in both cases were substantially identical, except that one of them contained additional paragraphs on compensatory and punitive damages. The court held that the alleged causes of action involved common issues of law and of fact arising out of the same transactions or series of transactions as provided by Rule 20, and ordered the consolidation of the cases in order to save time and expenses to the parties and their witnesses.

In *Rekeweg* v. *Federal Mutual Insurance Co.*, 27 F.R.D. 431 (D.C. Ind. 1961), an action of damages on behalf of a minor was brought against an insurance company and its agent for fraud in inducing postponement of a claim for injuries caused to the minor by a truck owned by a third person insured with that company until the claim prescribed. A claim was also joined against the attorney employed by the minor's father to prosecute the case for his negligence in failing to timely file the same. Defendants for alleged fraud as well as defendant for alleged negligence moved to separate the causes of action. The court denied both motions holding that this case comes squarely within the provisions of Rule 20 of the Federal Rules of Civil Procedure on permissive joinder of parties.

In *Poster* v. *Central Gulf Steamship Corp.*, 25 F.R.D. 18 (D.C. Pa. 1960), a seaman filed a civil action against two steamship companies. The companies filed motions to dismiss or to separate the actions. It was alleged that plaintiff worked in a steamship of one of the companies in the fall of 1957; that in the Suez Canal area several natives were permitted to board the ship and that plaintiff contracted ame-

biasis; that the following winter, while he was employed in a steamship of the other company, in the same area, again natives were permitted to board the ship and plaintiff again became ill and experienced the same symptoms; and that the disease was aggravated while working for the second company. It was held that the joinder of defendants was proper under Rule 20 because the claim was based upon two occurrences, the same in nature, and the second of which might result in concurrent liability of both companies. See, in the same connection, the cases of *McNeil* v. *American Export Lines, Inc.*, 166 F. Supp. 427 (Pa. 1958), and *Lucas* v. *City of Juneau*, 127 F. Supp. 230 (Alaska 1955).

In *Music Merchants* v. *Capitol Records, supra*, a complaint was filed against four corporations alleging five causes of action. The first, directed against Capitol Records, Inc. and its subsidiary Capitol Distributing Corp., alleged that defendants had conspired with each other to restrain trade and to fix the prices of phonograph records; the second contained the same allegations against Decca Records, Inc. and its subsidiary Decca Distributing Corp.; and the third alleged that the facts alleged in the other two had been the result of an agreement among the four defendants the effect of which was to restrain trade. By reason of the facts complained of in these three causes of action, plaintiff claimed that it had been damaged in the amount of $200,000. The fourth and fifth causes of action alleged that defendants Capitol Records Distributing and Decca Distributing had discriminated against plaintiff by selling at lower prices, and by giving greater discounts, rebates and return privileges.

It was held that under Rule 20 of the Federal Rules of Civil Procedure, the joinder of the first three causes of action against the four defendants was permissible, since there was asserted against them a right to relief "in respect of or arising out of the same ... series of transactions or occurrences," namely, arising out of an alleged conspiracy by and among

the four defendants. Moreover, the principal question of law involved is whether the alleged price fixing conspiracy is a violation of the Sherman Act. It may be that the facts evidencing the conspiracy between a defendant and its subsidiary are different from those with respect to an agreement between the other defendant and its subsidiary. However, the facts to determine a conspiracy among the four defendants which resulted in their entering into alleged illegal uniform price fixing arrangements are common to them all. In any event, Rule 20(a) provides for a joinder of defendants if there is any question of law or fact common to all. In this case, however, it was held that it was necessary to sever the fourth and fifth causes of action, although there appeared to be a common question of law, because the latter did not arise out of the same transaction as the first three, since it was not alleged that the discriminatory pricing practices in the last two causes of action arose from the alleged conspiracy in the first three. *Cf. Radio Corporation of America* v. *Rauland Corp.*, 186 F. Supp. 704 (Ill. 1956).

In *Garrou* v. *Teaneck Tryon Co.*, 94 A.2d 332 (N.J. 1953), it was held that joinder of claim for injunctive relief against private defendants violating zoning ordinance with claim for relief in lieu of mandamus to compel municipal officials to enforce such ordinance, was proper under a rule of procedure similar to our Rule 17.1. The Supreme Court of the State of New Jersey held that the joinder of these claims, in appropriate circumstances such as those presented in the instant matter, is well within the farsighted provisions of the rules and will serve the ends of sound judicial administration by curbing the inconvenience, delay and expense incident to independent trials.

In *Hopper* v. *Lennen & Mitchell*, 52 F. Supp. 319 (Cal. 1943), four causes of action were alleged in a complaint filed against two defendants, based on anticipatory breach of two contracts. Only the acts of one defendant were complained

of in the first count. Also, only the acts of the other defendant were complained of in the fourth count. Acts of both defendants form the basis of the second and third counts. The first and second counts are founded upon the same contract, but the first refers to a defendant as principal and the second to another defendant as agent of the corporation designated as principal. The third count is founded upon another contract and is directed against both defendants. The last count pertains to both contracts. The court held that under Rule 20 *supra* defendants may be joined, assuming, of course, that causes of action can be stated against each of them.

Lastly, *Bailey* v. *Zlotnick*, 133 F.2d 35 (C.A.D.C. 1942), involved a claim for injuries sustained by a lessee by plaster falling from the ceiling of the kitchen. The lessor owner of the property, his agent in charge of renting the property, and the contractor who installed a new hot water heating system in the building and turned water the day before the accident, were joined as defendants. It was held that the joinder of principal and agent under Rule 20 of the Rules of Civil Procedure, counterpart of our Rule 17, where principal's liability is predicated solely upon agency, was proper.

█ █ In the instant case the right to relief against all defendants arises out of a single occurrence, the accident in which petitioner was injured, and there are questions of fact and of law common to all defendants, to wit: the release document signed by plaintiff, the surrounding circumstances of the signature, and its effectiveness in law against all defendants. The fact that there is variation in the relief sought against each defendant or that reliefs in the alternative have been sought, is no bar to joinder of parties under our Rule 17.1 *supra*, as it was not in *Rekeweg, supra*, in which as a result of an accident the insurance company and its agent were sued under the theory of fraud and an attorney for negligence in failing to timely file proper action. In the latter case the court concluded that the joinder of defend-

ants was proper even though there is a clear separation between fraud and negligence, and even though defendants are not alleged joint tortfeasors. To sustain the joinder of defendants in the instant case is in consonance with the evident tendency of the decisions referred to hereinabove of construing liberally Rule 20 of the Federal Rules of Civil Procedure, counterpart of our Rule 17.1 of the Rules of Civil Procedure in force in Puerto Rico. It should not be understood, however, that we are expressing any opinion on the sufficiency or the merits of the different causes of action alleged in the complaint in this case.

For the reasons stated, the order of the trial court of March 10, 1961 will be reversed and the case remanded for further proceedings not inconsistent with the terms of this opinion.