Luis H. Carrasquillo, peticionario, v. Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Ángel Fiol Negrón, Juez, demandado; Lippit & Simonpietri et al., interventores.

*Número:* 2831 *Resuelto:* 11 de marzo de 1963

*César J. Dones Magaz,* abogado del peticionario; *Emilio de Aldrey,* abogado de los interventores.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El peticionario Luis H. Carrasquillo alegó en la demanda en este caso que el 7 de julio de 1959 mientras conducía su automóvil por la carretera de Ponce a Santa Isabel fue negligentemente chocado por una guagua de la firma D. Serra & Cía., asegurada por la codemandada United States Casualty Co.; que dicho choque le ocasionó daños a su persona y la pérdida total de su vehículo, creándole así un grave problema pues en las funciones de su cargo en el Departamento de Agricultura de Puerto Rico necesitaba transportación para visitar distintos sitios. Continuó alegando el peticionario que Rafael Macías López, en su carácter de ajustador jefe de la codemandada Lippitt y Simonpietri, Inc., y en representación de la referida aseguradora convino en pagarle $1,200 para que se comprase otro vehículo, y así resolver su problema de transportación, a cambio de quedar la aseguradora relevada de ulteriores pagos o reclamaciones con respecto a dicho vehículo; que a esos efectos Macías le entregó una forma impresa solicitando que éste la firmara y devolviera, lo que éste realizó; que al hacer su reclamación por las lesiones personales sufridas por él en dicho accidente, se encontró con que los codemandados le negaron la misma a base de que la forma impresa que firmó cubría un relevo general no tan sólo de la reclamación por los daños al automóvil sino también por sus daños personales; todo lo cual indica que Macías López defraudó a sabiendas al peticionario al entregarle dicho impreso para su firma. En tal virtud, el peticionario solicita en su demanda 1) que se deje sin efecto el referido relevo en lo concerniente a sus daños personales; 2) se le indemnice por la codemandada U. S. Casualty Co. en la suma de $3,700 por las lesiones personales especificadas; 3) se le resarza por los interventores de los daños y perjuicios, en la suma de $10,000 por los actos torticeros de Macías; 4) en la alternativa, que si no se ordena a U. S. Casualty Co. a pagar las lesiones personales del peti-

cionario, se condene solidariamente a los interventores a pagar al peticionario la suma de $3,700 o aquélla que la aseguradora hubiere venido obligada a pagarle de no haber intervenido la conducta torticera del interventor Macías López, más costas, honorarios y cualquier otro remedio propio dentro de las circunstancias.

Los demandados radicaron una moción para desestimar por el fundamento de que la demanda no aduce suficientes hechos para constituir una causa de acción. En su resolución de 10 de marzo de 1961 el tribunal de instancia dictaminó que dicha moción se funda en que los interventores no son partes legítimas en el pleito por ser agentes o representantes de la aseguradora(1) y concluyó que la indebida acumulación de partes no es motivo para desestimar una acción y, en tal virtud, bajo la Regla 18(2) de las Reglas de Procedimiento Civil, procedió a ordenar la eliminación de los interventores como partes demandadas.

No conforme con la referida resolución, radicó el peticionario el presente recurso de certiorari y para revisar los procedimientos ordenamos la expedición del auto.

En apoyo de su contención arguye el peticionario que en la demanda existen tres situaciones. Una en que hay tres reclamaciones contra tres partes, en forma mancomunada; otra en que también existen reclamaciones en forma alternativa; y otra en que además se reclama en forma solidaria. Por lo tanto, según su contención, no es exactamente la Regla 18 sobre la indebida acumulación de Partes la que go-

---

(1) En cuanto a la responsabilidad extracontractual de agentes o representantes de casas de seguros por motivos de promesas hechas a asegurados, véase el reciente caso de *Jackson* v. *Kemp*, resuelto por el Tribunal Supremo de Tennessee en 7 de febrero de 1963 y que aparece en 31 U.S.L. Week 2417.

(2) La Regla 18 de las Reglas de Procedimiento Civil provee:

"El defecto o la indebida acumulación de partes no constituirá motivo para desestimar un pleito. Cualquier parte podrá ser adicionada o eliminada por orden del tribunal, a iniciativa de éste, o a moción de parte en cualquier estado del procedimiento, bajo las condiciones que fueren justas. Cualquier reclamación contra una parte puede ser separada y proseguirse independientemente."

bierna la cuestión, sino la 17.1 de las mismas Reglas, titulada "Acumulación Permisible de Partes" que dispone:

"Cualquier número de personas podrá acumularse en un pleito, como demandantes o como demandados, si reclamaren o se reclamare contra ellas mancomunada, solidariamente, o en la alternativa cualquier derecho a un remedio relacionado con, o que surja de la misma transacción, evento, o serie de transacciones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, hubiere de surgir en el pleito. No será requisito que un demandante o demandado tenga interés en obtener o defenderse de todo el remedio solicitado. Podrá dictarse sentencia a favor de uno o más demandantes de acuerdo con sus respectivos derechos a un remedio y contra uno o más demandados de acuerdo con sus respectivas responsabilidades."

La demanda en este caso alega tres causas de acción, a saber: una en contra de la aseguradora por los daños personales sufridos por el peticionario en el accidente; otra contra Macías López y Lippitt y Simonpietri en daños y perjuicios por el fraude cometido por ellos al inducir al peticionario a firmar un relevo de la responsabilidad total a favor de la aseguradora cuando lo que se convino según el demante fue un relevo por la indemnización correspondiente a los daños al vehículo; y en la alternativa, para el caso que no se responsabilice a la aseguradora por las lesiones personales sufridas por el peticionario, que se condene a los interventores a pagarle al peticionario $3,700 o aquella suma que el tribunal determinare que la aseguradora hubiere venido ordinariamente obligada a pagar al peticionario de no haber ocurrido la conducta torticera de Macías López. Común a estas tres causas de acción son las cuestiones de hecho y de derecho relativas al otorgamiento y efecto del mencionado relevo.

Convenimos con el peticionario en que no procedía la eliminación de los interventores como partes demandadas bajo la referida Regla 18. Los interventores no fueron incluidos como indica el tribunal de instancia, únicamente como agentes o representantes de la aseguradora, sino que en su contra

se alegan dos causas de acción ancladas en su propia responsabilidad por los actos de Macías López y en forma separada e independiente de la responsabilidad de la aseguradora.

La cuestión pues, consiste en determinar si la acumulación de los interventores es permisible bajo la Regla 17.1 o si procede que se separe la causa de acción contra la asegurada de las causas de acción contra los interventores, según lo dispuesto en la Regla 38, (³) y, en este último caso, si luego debe ordenarse la consolidación de ambos pleitos.

La Regla 17 es de naturaleza procesal. Su propósito es eliminar obstáculos a la acumulación sin afectar los derechos sustantivos de las partes. Lo es también el promover la conveniencia en el juicio, el evitar multiplicidad de pleitos y expeditar la disposición final de la litigación mediante la inclusión en un pleito de todas las partes directamente interesadas en la controversia a pesar de las objeciones técnicas previamente existentes en muchas situaciones; y, por último reconoce la economía de un procedimiento bajo el cual varias reclamaciones que surgen del mismo suceso puedan ser vistas conjuntamente evitando así la repetición de la evidencia relacionada con hechos comunes a todas las reclamaciones. Por estas razones la regla en cuestión debe interpretarse y aplicarse liberalmente en la práctica cuando dicha aplicación sea consistente con la conveniencia en la disposición de las acciones. Barron and Holtzoff, *Federal*

---

(³) La Regla 38 de las Reglas de Procedimiento Civil dispone:

"38.1—Cuando estén pendientes ante el tribunal pleitos que envuelvan una cuestión común de hechos o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá dictar aquellas órdenes referentes a procedimiento envueltos en dichos pleitos que tiendan a evitar gastos innecesarios o dilación.

"38.2—El tribunal, por razón de conveniencia, o para evitar perjuicio, podrá ordenar un juicio por separado de cualquier demanda, demanda contra coparte, reconvención, demanda contra tercero, o de cualquier cuestión litigiosa independiente, o de cualquier número de demandas, demandas contra copartes, reconvenciones, demandas contra tercero o cuestiones litigiosas y podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 44.2".

*Practice and Procedure*, Rules Edition, Vol. 2, sec. 531, págs. 177–178.

██ Para que proceda la acumulación de demandados bajo la Regla 17.1 hay que cumplir con dos requisitos: en primer lugar, reclamar en su contra un derecho a un remedio relacionado con, o que surja de la misma transacción, suceso, o serie de transacciones o sucesos y, en segundo lugar, debe surgir en el pleito alguna cuestión de hecho o de derecho común a todas. No es requisito que un demandado tenga interés en defenderse de todo el remedio solicitado. La regla dispone además que puede dictarse sentencia contra uno o más demandados de acuerdo con sus respectivas responsabilidades.

██ Como éste es un caso de una acumulación de reclamaciones contra varios demandados, conviene señalar que ésto puede hacerse bajo la Regla 14.1 (⁴) siempre que se cumpla con los requisitos de las Reglas 16, 17 y 19. Es suficiente a los efectos de lo requerido por la Regla 14.1 que en este caso se cumpla con los requisitos de la Regla 17.1. *Music Merchants* v. *Capitol Records*, 20 F.R.D. 462 (D.C.N.Y. 1957).

██ Existe una diferencia de criterio en cuanto a si la palabra *todas* en la cláusula "siempre que cualquier cuestión de hecho o de derecho común a *todas*, hubiere de surgir en el pleito" (énfasis nuestro) que aparece en nuestra Regla 17.1 antes citada se refiere a *reclamaciones* o a *personas*. Tratadistas del renombre del Profesor Moore opinan que *"todas"* en este caso se refiere a reclamaciones y no a personas—3

---

(⁴) La Regla 14.1 dispone lo siguiente:

"El demandante en su demanda o en una réplica en que exponga una reconvención, y el demandado en una contestación en que exponga una reconvención, podrán acumular como independientes o como alternativas tantas reclamaciones como tuvieren contra la parte adversa. Podrá hacerse igual acumulación de reclamaciones cuando hubiere partes múltiples siempre que se cumpla con los requisitos de las Reglas 16, 17 y 19. De igual modo podrán acumularse las reclamaciones contra copartes o las reclamaciones contra tercero siempre que se cumpla con los requisitos de las Reglas 11 y 12, respectivamente."

Moore's *Federal Practice*, sec. 18.04(3), pág. 1811 (2d. ed. 1948). Se basa esta teoría en la decisión en el caso de *Federal Housing Administrator* v. *Christianson*, 26 F. Supp. 419 (Conn. 1939), en que se resolvió que existía una indebida acumulación de partes al demandarse en una causa a tres demandados como responsables bajo un pagaré y a dos de ellos bajo otro pagaré porque según la corte, "claramente no estaba envuelta una cuestión de hecho común en este caso. Cada pagaré necesariamente constituía una cuestión de hecho separada. Ni hay . . . aquí envuelta una cuestión de derecho común. Pues en la primera causa la única cuestión de derecho se refiere a la responsabilidad de los tres demandados bajo el primer pagaré y en la segunda, las únicas cuestiones de derecho se refieren a la responsabilidad de dos de ellos bajo el segundo pagaré". Convenimos con el profesor Wright([5]) y con los tratadistas Barron y Holtzoff([6]) que la doctrina del caso de *Christianson* puede ser restrictiva y que además, la palabra *todas* en la cláusula citada obviamente se refiere a *personas* y no a reclamaciones, y que por lo tanto, no existía en el referido caso una indebida acumulación de partes.

■ Las decisiones sobre el problema de acumulación de partes se han basado en uno o en otro de los referidos criterios, pero es evidente, como se verá de los casos que citamos y relacionamos a continuación, que la tendencia de las cortes es a favorecer la acumulación en aras de evitar el inconveniente, la pérdida de tiempo y la duplicidad de costas al celebrarse juicios por separado.

En *United States Fidelity and Guaranty Co.* v. *Ditoro*, 206 F. Supp. 528 (Pa. 1962), a nombre de un menor se demandó a dos médicos y a un hospital reclamándose daños por lesiones sufridas debido a la negligencia habida en el tratamiento médico y quirúrgico del menor. Uno de los mé-

---

([5]) *Joinder of Claims and Parties*, 36 Minn. L. Rev. 580, cita precisa a las págs. 600 a 611.

([6]) Barron y Holtzoff, *supra*, sec. 533.1, págs. 196–202.

dicos refirió la demanda que recibió junto con el emplazamiento a la compañía de seguros que le había extendido una póliza cubriendo su responsabilidad profesional. Dicha compañía inició una acción sobre sentencia declaratoria para determinar que no era responsable bajo la póliza porque el médico no cumplió con las condiciones de aviso estipuladas en la misma y solicitó que se suspendieran los procedimientos en la referida acción por daños hasta que se obtuviese una determinación final en este caso. El segundo médico solicitó que se declarase sin lugar en cuanto a él la demanda de sentencia declaratoria ya que él no era parte en el contrato de seguro. Se llegó a la conclusión que el segundo médico tiene un interés material en la acción ya que si se obtiene sentencia concurrente contra ambos y el segundo es forzado a satisfacerla, tendría derecho a la contribución del otro y además porque bajo la Regla 20 de las Reglas Federales, equivalente a la 17.1 de las nuestras, es parte interesada ya que se alega en contra de él y de otros un derecho a un remedio que presenta cuestiones comunes de hecho y derecho que surgen de una sola transacción.

En *Allen* v. *United Mine Workers of America*, 30 F.R.D. 41 (D.C. Tenn. 1962) los demandantes solicitaron la consolidación de dos casos bajo la Regla 42 con el fin de que se celebrase un juicio conjunto. En un caso 4 demandantes se dedicaban a transportar carbón del proyecto Kennedy mientras que en el otro el demandante era un operador de minas. Cada uno de estos casos se basaba en una violación de la Sec. 303 de la Ley Taft-Hartley pero el segundo también se basaba en obligaciones que bajo el derecho común se deben al demandante. La disposición correspondiente en nuestras Reglas de Procedimiento Civil es la Regla 38. Se aceptó que la cuestión de daños es distinta en cada caso y que los sucesos que daban base al boicot secundario ocurrieron en condados distintos. Las alegaciones en ambos casos eran sustancialmente idénticas excepto que en uno se alegaron unos párrafos adicionales con respecto a daños compensatorios y

punitivos. Resolvió la corte que las alegadas causas de acción envolvían cuestiones comunes de derecho y de hecho que surgieron de las mismas transacciones o serie de transacciones según lo dispone la Regla 20, ordenándose la consolidación de los casos en aras de la economía resultante de tiempo y gastos de las partes y de sus testigos.

En *Rekeweg* v. *Federal Mutual Insurance Co.*, 27 F.R.D. 43 (D.C. Ind. 1961) a nombre de un menor se demandó en daños y perjuicios a una compañía de seguros y a su agente por fraude al provocar la tardanza de una reclamación por lesiones ocasionadas al menor por un camión de una tercera persona asegurada con dicha compañía hasta que la reclamación prescribió. Se unió una reclamación contra el abogado contratado por el padre del menor para llevar el caso por su negligencia en no radicarlo a tiempo. Tanto los demandados por el alegado fraude como el demandado por su alegada negligencia solicitaron que se separasen las causas de acción. La corte denegó ambas mociones resolviendo que este caso está cubierto claramente por las disposiciones de la Regla 20 de las Reglas Federales de Procedimiento Civil sobre acumulación permisible de partes.

En *Poster* v. *Central Gulf Steamship Corp.*, 25 F.R.D. 18 (D.C. Pa. 1960), un marino radicó una acción civil contra dos compañías navieras. Éstas radicaron mociones solicitando la desestimación o la separación de las acciones. Se alegó que el demandante trabajaba en un barco de una de las referidas compañías en el otoño de 1927; que en el área del Canal de Suez se le permitió a varios habitantes de la región subir a bordo contrayendo de esta manera el demandante la enfermedad de amebiasis; que el siguiente invierno, mientras trabajaba en un barco de la otra compañía, en la misma área, se permitió otra vez a otros habitantes subir a bordo y el demandante volvió a enfermarse demostrando los mismos síntomas de la ocasión anterior; y que la enfermedad se agravó mientras era empleado de la segunda compañía. Se resolvió que la acumulación de las demandadas

procedía bajo la Regla 20 porque la reclamación se basaba en dos sucesos de la misma naturaleza y el segundo puede resultar en responsabilidad concurrente para ambas compañías. Véase en igual sentido los casos *McNeil* v. *American Export Lines, Inc.*, 166 F. Supp. 427 (Pa. 1958) y *Lucas* v. *City of Juneau*, 127 F. Supp. 230 (Alaska 1955).

En *Music Merchants* v. *Capitol Records*, supra, se radicó una demanda contra cuatro corporaciones alegándose cinco causas de acción. La primera, dirigida contra Capitol Records, Inc. y su subsidiaria Capitol Distributing Corp., alegaba que las demandadas habían conspirado entre sí para restringir el comercio y fijar precios de discos fonográficos; la segunda alegó lo mismo contra Decca Records, Inc. y su subsidiaria Decca Distributing Corp., y la tercera alegaba que los hechos relacionados en las dos anteriores surgían de un acuerdo entre las cuatro demandadas que resultaba en una restricción del comercio. Por razón de los hechos alegados en estas tres causas de acción la demandante alegó haber sufrido $200,000 en daños. La cuarta y quinta causas de acción se basaban en que las demandadas Capitol Records Distributing y Decca Distributing habían discriminado en contra de la demandante al vender discos a precios más bajos y mediante descuentos mayores, reembolsos y privilegios de devolución.

Se resolvió que bajo la Regla 20 de las Reglas Federales de Procedimiento Civil, la acumulación de las primeras tres causas de acción contra las cuatro demandadas era procedente toda vez que se reclama contra ellas un derecho a un remedio "relacionado con o que surja de la misma . . . serie de transacciones o sucesos", o sea, que surge de una alegada conspiración por y entre las cuatro demandadas. Además, la cuestión de derecho envuelta es si la alegada conspiración para fijar precios constituye una violación de la Ley Sherman. Puede que los hechos que comprueban la conspiración entre una demandada y su subsidiaria sean distintos de aquéllos que dieron lugar al convenio entre la otra demandada y su

subsidiaria. Pero los hechos que determinan la conspiración entre las cuatro demandadas que resultó en la alegada combinación ilegal para fijar precios uniformes, son comunes a todas. En todo caso la Regla 20 (a) permite la acumulación de demandados si existe cualquier cuestión de derecho o de hecho común a todos. En este caso, sin embargo, se resolvió que había que separar la cuarta y quinta causas de acción aunque surgía una cuestión de derecho común entre ambas porque estas últimas no surgían de la misma transacción que las primeras tres ya que no se alegó que las prácticas de precios discriminatorias alegadas en las últimas dos causas de acción surgieron de la conspiración alegada en las primeras tres. Cfr. *Radio Corporation of America* v. *Rauland Corp.*, 186 F. Supp. 704 (Ill. 1956).

En *Garrou* v. *Teaneck Tryon Co.*, 94 A.2d 332 (N.J. 1953) se resolvió que se puede unir en una demanda una reclamación solicitando *injunction* contra personas particulares que violan una ordenanza de zonificación con una relamación en la naturaleza de un mandamus a funcionarios municipales a hacer cumplir tal ordenanza, bajo una regla de procedimiento similar a nuestra Regla 17.1. Sostuvo la Corte Suprema del Estado de New Jersey que la acumulación de estas reclamaciones, en circunstancias apropiadas como las que prevalecen en este caso está claramente conprendida dentro de las disposiciones de las reglas y habrán de promover una buena administración judicial al evitar la inconveniencia, la dilación y el costo de juicios por separado.

En *Hooper* v. *Lennen & Mitchell*, 52 F.Supp. 319 (Cal. 1943) se alegaron cuatro causas de acción en una demanda radicada contra dos demandadas basada en la violación anticipada de dos contratos. En la primera causa se alegan actos de una sola demandada. Lo mismo ocurre en la cuarta con respecto a actos de la otra demandada. Actos de ambas demandadas constituyen la base de la segunda y tercera causa de acción. La primera y segunda causas están basadas en un mismo contrato pero la primera se refiere a una

demandada en su carácter de principal y la segunda se refiere a la otra demandada en su carácter de agente de la corporación designada como principal. La tercera causa de acción está basada en el otro contrato, y va dirigida contra ambas demandadas. La última causa de acción se refiere a ambos contratos. La corte resolvió que bajo la Regla 20 antes mencionada pueden acumularse las partes demandadas presumiendo por supuesto que se puedan alegar causas de acción contra cada una de ellas.

Por último, en *Bailey* v. *Zlotnick*, 133 F. 2d 35 (C.A. D.C. 1942), se trataba de una reclamación por daños sufridos por una arrendataria causados por el desprendimiento de argamasa del techo de la cocina. Se unieron como demandados al arrendador dueño de la propiedad, a su agente a cargo de arrendar la misma, y al contratista que instaló un nuevo sistema de calefacción de agua para el edificio y quien lo puso en servicio el día antes del accidente. Se sostuvo como permisible la acumulación del principal y el agente bajo la Regla 20 de las Reglas de Procedimiento Civil Federales equivalente a la Regla 17 nuestra, cuando la responsabilidad del principal se basa exclusivamente en la agencia.

En el caso ante nos el derecho a un remedio contra todos los demandados surge de un solo suceso, o sea, del accidente en que se lesionó el peticionario y existen cuestiones de hecho y de derecho común a todos los demandados, a saber: el documento de relevo firmado por el demandante, las circunstancias que dieron lugar a su firma y su efectividad en derecho contra todos los demandados. El hecho que exista variación en el remedio a obtenerse contra cada demandado o que se hayan solicitado remedios en la alternativa, no constituye obstáculo para la acumulación bajo nuestra Regla 17.1 antes citada, como no lo fue en el caso de *Rekeweg*, supra, en que, con motivo de un accidente, se demandó a la compañía aseguradora y su agente bajo la teoría de fraude y a un abogado por su negligencia en no instituir la acción correspondiente a tiempo. En este último caso, la corte, llegó a

la conclusión que procedía la acumulación de los demandados aunque existe una clara separación entre fraude y negligencia y aunque los demandados no son responsables por los daños mancomunadamente (*joint tortfeasors*). El sostener la acumulación de las partes demandadas en este caso está en armonía con la tendencia evidente de las decisiones precedentemente relacionadas de interpretar liberalmente la Regla 20 de las Reglas Federales de Procedimiento Civil equivalente a la 17.1 de las Reglas de Procedimiento Civil en vigor en Puerto Rico. No debe entenderse, sin embargo, que estamos expresando juicio alguno sobre la suficiencia o los méritos de las distintas causas de acción alegadas en la demanda en este caso.

*Por las razones indicadas debe revocarse la resolución del tribunal de instancia de marzo 10 de 1961 y devolverse el caso para ulteriores procedimientos no inconsistentes con los términos de esta opinión.*

